### ROY L. KING V. STATE.

No. 26,131. December 17, 1952.

*E. T. Miller, Archer & Hazlewood, Jack C. Hazlewood* of Counsel, Amarillo, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for felony swindling; the punishment, six years in the penitentiary.

Count 1 of the indictment, upon which the state elected to rely, charged that appellant swindled Tom Farris of a check in the sum of $160 drawn on the American National Bank of Amarillo.

Count 1 of the indictment also contained the allegation that said bank check was "worth the sum of one hundred and sixty dollars in lawful current money, and being thereafter paid and

discharged from the bank deposit to the credit of the said Tom Farris in the said American National Bank of Amarillo."

The court in his charge required a finding by the jury, in order to convict, that all the allegations in the first count of the indictment were true, and specifically required a finding by the jury "that said check was thereafter paid and discharged from the bank deposit in said bank to the credit of said Tom Farris."

The state's proof was that appellant acquired a check for $160, such as described in the indictment, and that the check was of the value of $160. This check was never paid by the American National Bank of Amarillo. It was cashed by appellant at a jewelry store in Amarillo, and payment was stopped by the bank on order of the drawer Farris.

The evidence showed further that Tom Farris was called upon to make good the check to the jewelry store, and an agreement of compromise having been arranged by their counsel, Farris drew a second check on his account at the same bank for the amount agreed upon as a settlement of the jeweler's claim, and this check was paid by the American National Bank of Amarillo out of Farris' funds.

This proof does not measure up to the requirements of the court's charge and is insufficient to show that the check acquired was thereafter paid and discharged from the bank deposit in the Amarillo National Bank to the credit of Tom Farris. The fact that Farris drew on his account for funds with which to settle the claim of the person who cashed it for appellant is not proof that the check acquired by the swindle was paid and discharged from the bank deposit. The variance is apparent.

The allegation as to the payment of the check was not necessary to the state's case, the indictment alleging that the check was of the value of $160. But the state having so alleged and the court having required a finding from the evidence supporting the allegations, the variance is fatal, and we need not consider whether or not the allegation was material or whether the variance is such as to have misled appellant to his prejudice.

The indictment describes the false representation made by appellant as follows:

". . . that he, the said defendant, was in possession of and was the owner of certain personal property and furniture, to-wit, one

bedroom suite consisting of bed and chest of drawers, one bed springs, one bed mattress, one two piece living room suite consisting of one sofa and easy chair, one dinette suite consisting of one dining room table and four dining chairs, one apartment gas cook stove, and one frigidaire electric refrigerator. . . ."

Tom Farris, a furniture dealer, testified that he bought "a house full of furniture from appellant, gave him the check in question in payment therefor, and received from him a receipt. This receipt was offered in evidence and reads as follows:

"Received of Farris Furniture Co. the sum of One Hundred & Sixty Dollars, in full for the following furniture, located at 2303 West 3rd, Amarillo, Texas (Potter County.)

"1 bed room suit
1 spring
1 mattress
1 2-piece L. R. Suit
1 dinette suit
1 apt stove
1 Frigidaire.
"The above to be free of all claims and indebtedness, & my own personal property.

s/ Roy L. King

Witness: s/ David Martin"

The property listed on the receipt was shown to have been located in the apartment rented by E. Lee Cutsinger. Cutsinger testified that he was in custody and control of the furniture, and appellant was not authorized by him to sell or dispose of any of it.

Except as shown above, there is no description of the furniture in the record. Appellant claims a fatal variance between the allegations and the proof in regard to the false representations as to this property, which must be sustained.

The rule of law applicable is found in Branch's P.C. p. 1427; Sec. 2627. "The false pretense must be proved as alleged. If a *different pretense from that alleged was the means by which* the property was acquired, there is a variance." Warrington v. State, 1 Tex. App. 168; Marwilsky v. State, 9 Tex. App. 377; Peckham v. State, 28 S.W. 532; Dechard v. State, 57 S.W. 814.

The indictment alleged that appellant represented that he

owned "one bedroom suite consisting of bed and chest of drawers." The receipt listed "1 bedroom suit." "One bed spring" was alleged, "1 spring" proved. "One bed mattress" was alleged, "1 mattress" proved. "One two piece living room suite consisting of one sofa and easy chair" was the allegation; "1 2-piece L. R. suit," the proof. "One dinette suite consisting of one dining room table and four dining chairs" was the allegation; "1 dinette suit," the proof. "One apartment gas cook stove" was the allegation; the receipt listed "1 apt. stove." We find here no proof that appellant represented that he owned or had possession of a gas stove, of four dining chairs, of a chest of drawers, or of an easy chair as alleged in the indictment.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.