GUY B. GOODWIN, JR. v. STATE.

No. 30,156. January 21, 1959.
State's Motion for Rehearing Overruled March 4, 1959.

*Arthur Mitchell,* Austin (on appeal only) for appellant.

*Wallace T. Barber,* District Attorney, San Marcos, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is a conviction under Art. 567b V.A.P.C. based upon the giving of a check for $112.50 without sufficient funds, the punishment being three years in the penitentiary and a fine of $1,000.

The indictment alleged that by delivering said check and by the use of false pretenses, appellant secured from Mrs. Bessie Brown fifteen shares of stock of the North Carolina Natural Gas Corporation, and further alleged that appellant represented to Mrs. Bessie Brown that the check was good, which representation was false, and that Mrs. Brown relied upon and was deceived by the representation of appellant that the check was good.

It is clear from the court's charge that the jury was not required to find and from the statement of facts that they could not have found that appellant made any representations that the check was good or that Mrs. Brown relied upon any oral representation made by appellant to her. Appellant simply gave Mrs. Brown a check and stands convicted for violation of Art. 567b V.A.P.C. upon the jury's finding that he gave the check with intent to defraud and thereby acquired a stock certificate for fifteen shares of stock in a corporation, knowing that he did not have sufficient funds in the bank to pay said check.

Wherever descriptive averments are made in an indictment, whether necessary or not, the proof must meet them as well as all necessary allegations, by corresponding evidence. Kahanek v. State, 83 Texas Cr. Rep. 19, 201 S.W. 994; Malone v. State, 135 Texas Cr. Rep. 169, 117 S.W. 2d 779.

In swindling cases the false pretense must be proved as

alleged. If a different pretense from that alleged was the means by which the property was acquired there is a variance. King v. State, 158 Texas Cr. Rep. 98, 253 S.W. 2d 434; Branch's Ann. P.C., 2d Ed., Sec. 2827.

The state availed itself of the prima facie evidence of the intent to defraud provision of Art. 567b V.A.P.C. arising from the non-payment of the check within ten days. Appellant paid Mrs. Brown the amount of the check, but not until after ten days following notice that it had not been paid by the bank, and after complaint had been filed.

The indictment having alleged that an oral false representation by appellant was made and relied upon, the state was required to prove such descriptive averment in order to convict.

The judgment is reversed and the cause remanded.