ADOLFO GUTIERREZ v. STATE

No. 33,559.    December 6, 1961

*James Haynes, Jr.,* Laredo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

ON MOTION FOR REHEARING

MORRISON, Judge.

The offense is defrauding with a worthless check; the punishment, 2 years.

All prior opinions are withdrawn.

In view of our disposition of this case, a recitation of the facts is not deemed necessary.

The indictment alleged that by the delivery of the check set forth in the indictment with the intent to defraud, appellant obtained certain property from the injured party. It further alleged that appellant fraudulently represented to the injured party that the check was good, which representation was false, and that the injured party at the time of its acceptance believed it was good, and relied upon and was deceived by said deceitful pretenses and fraudulent representations, and by virtue thereof she parted with the possession and title of said property.

The court, in his charge, made appellant's guilt depend upon the jury's finding that he delivered the check with the intent to defraud and thereby acquired the property described in the indictment, knowing that he did not have sufficient funds in said bank to pay the check.

In the charge, the court did not require the jury to find, as the indictment alleged, that appellant made representations to the injured party that the check was good, or that the injured party believed and relied upon said representations, and that by virtue thereof she parted with the possession and title of said property.

In Goodwin v. State, 320 S.W. 2d 852, the conviction was for the same offense as in the instant case. On appeal, it was presented on a similar record. There, it was held:

"Wherever descriptive averments are made in an indictment, whether necessary or not, the proof must meet them as well as all necessary allegations, by corresponding evidence. Kahanek v. State, 201 S.W. 994; Malone v. State, 117 S.W. 2d 779.

"In swindling cases the false pretense must be proved as alleged. If a different pretense from that alleged was the means by which the property was acquired there is a variance. King v. State, 253 S.W. 2d 434; Branch's Ann. P.C., 2nd Ed., sec. 2827.

"* * * * The indictment having alleged that an oral false representation by appellant was made and relied upon, the State was required to prove such descriptive averment in order to convict."

The grounds for the disposition in Goodwin are here controlling.

Appellant's motion for rehearing is granted, the order affirming the conviction is set aside, and the judgment is now reversed and the cause remanded.