Robert E. DEITLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 35111.

Court of Criminal Appeals of Texas.

Jan. 16, 1963.

Robert E. Deitle, pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The offense is defrauding with a worthless check in the sum of $750; the punishment, ten years and a fine of $2,500.

The indictment herein is as to form substantially the same as those in Goodwin v. State, 167 Tex.Cr.R. 485, 320 S.W.2d 852, and Gutierrez v. State, 171 Tex.Cr.R. 493, 352 S.W.2d 124.

The $750 check which is relied upon for conviction was signed by the appellant, and payable to and drawn on the First State Bank of Aransas Pass, and it was paid in money when it was presented by the appellant to Ruth Donelson, teller at the window of the First State Bank of Aransas Pass.

While testifying, Ruth Donelson identified the appellant as the person she had seen for the first time when he came to her window and opened an account with the bank, on January 23, 1958, by making a deposit with a check signed by him for $2,500 drawn on a bank in the State of Oklahoma. She testified that the check was sent in for collection, that a "hold" of seven days was placed on his account, and that she told appellant his checks on the account would not be honored until the $2,500 check had cleared. The next day, the appellant appeared again at Mrs. Donelson's window at the bank and presented to her three checks. Appellant directed that one of the checks, which was drawn on an Oklahoma bank, be deposited to the account of Tarrant Bros. The second check in the sum of $1,262.50, drawn on a Dallas bank, was payable to appellant and signed Cooper's Carpets, by Gail Cooper, and deposited to appellant's "hold" account; and the third check, being the check described in the indictment in the amount of $750, signed by the appellant, was payable to and drawn on the First State Bank of Aransas Pass. Appellant made no statement pertaining to the $750 check at the time he presented it to Mrs. Donelson at the window except that he wanted it paid in money, and Mrs. Donelson then gave him $750 in money.

Shortly after the appellant left the bank Mrs. Donelson "realized something was wrong", consulted with an officer of the bank, and it was determined immediately that there was no account in either of the out-of-town banks to cover the checks deposited to appellant's "hold" account.

The testimony of the vice-president of the Aransas Pass bank and that of another witness who saw the appellant in Aransas Pass on the date in question substantially corroborates that of the witness Donelson.

The appellant did not testify but recalled as a witness the vice-president of the bank, who testified that in his opinion the signatures on four checks, including the $750 check, were written by the same person; that the face of the $750 check bore a notation meaning "no account", and that the notation on the back "1 / 25 / 58" probably meant the date that the check was handled by the bank.

The evidence reveals that the bank teller not only had knowledge of the status of the account of the appellant in the Aransas Pass bank, but that she as teller of the bank had at the time she paid the $750 check the means at hand of detecting the true condition of the account. Therefore the bank teller could not have been induced to part with the money by means of some false or deceitful pretense or devise or fraudulent representation as to such account.

The injured party in cases of this nature cannot be defrauded by any representation made of a fact he knows or could have known by the exercise of ordinary prudence in using the means at hand to detect the true condition of the account. Nickson v. State, 147 Tex.Cr.R. 316, 180 S.W.2d 161; McKinzie v. State, 167 Tex.Cr.R. 335, 320 S.W.2d 674.

It is concluded that the evidence is insufficient to support the conviction.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.