**R. F. TOWNE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37484**

Court of Criminal Appeals of Texas.

Jan. 6, 1965.

Rehearing Denied Feb. 3, 1965.

---

No attorney of record on appeal.

Sam Jones, Jr., Dist. Atty., Clifford L. Zarsky and Douglas Tinker, Asst. Dist. Attys., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for defrauding with a worthless check, with a prior conviction alleged for enhancement; the punishment, ten years.

The disposition of this case makes a summary of the facts unnecessary.

The indictment, in charging the primary offense, alleged that the appellant by the delivery of the check described in the indictment with the intent to defraud, obtained certain personal property of the value of $72.82 from the injured party. It further alleged that appellant fraudulently represented to the injured party that the check was good, which representation he knew was false; and that the injured party at the time of its acceptance believed it was good, and relied upon and was deceived by said pretenses and fraudulent representations, and by virtue thereof, parted with possession and title of said property.

In the charge, the court required the jury to find, as the indictment alleged, that appellant made the representation to the injured party that the check was good, that the injured party believed and relied upon said representations, and that by virtue thereof she parted with the possession and title of said property.

According to the evidence, the appellant made no representations to the injured party concerning the check, and there is no evidence that the injured party relied upon any representations made by the appellant to her at the time the check was delivered and accepted.

The evidence fails to show, as alleged in the indictment, that false representations were made by the appellant and relied upon by the injured party. Therefore the evidence is not sufficient to support the conviction. Goodwin v. State, 167 Tex.Cr.R. 485, 320 S.W.2d 852. See also Gutierrez v. State, 171 Tex.Cr.R. 493, 352 S.W.2d 124.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.