**Billy James BURLESON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42311.**

Court of Criminal Appeals of Texas.

Dec. 3, 1969.

Rehearing Denied Feb. 4, 1970.

Brown & Harding, by Clifford W. Brown, Lubbock, on appeal only, for appellant.

Tom Curtis, Dist. Atty., John B. Reese, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for theft by false pretext of property over the value of fifty dollars; the punishment, five years.

The indictment was for ordinary theft. The record reflects that appellant presented a forged instrument with a forged endorsement and an unauthorized deposit slip to, and obtained $340.00 from, a bank teller.

The check was drawn on the Brownfield State Bank and Trust Company, payable to the order of "Deans Garage" and was purportedly signed by J. D. Millican.

James D. Millican testified that State's Exhibit No. 1 was one of his personalized checks and that he did not sign or authorize anyone to sign his name to the check.

Lewis Dean Gilliam testified that he was the owner of Dean's Garage, that he received State's Exhibit No. 2, the deposit slip, which appeared to be for a $740.00 check less $340.00 cash, in his bank statement, and that he did not know appellant, did not authorize the transaction reflected by the deposit slip and that the endorsement, "Deans Garage", on the check was forged.

Juanita Carroll testified that at the time she was a drive-in teller at the North State Bank in Amarillo, appellant presented the check and deposit slip; she knew that

Dean's Garage had an account at the bank, and she gave him $340.00 in cash.

Appellant testified that he was in San Angelo on the day in question and that he had never been in Amarillo until the day of the trial. A witness called by appellant testified in support of the alibi. The jury chose not to believe appellant's version of the facts.

In the first, fifth and sixth grounds of error, it is contended that the evidence is insufficient to support the conviction.

■ One of the contentions is that the proof did not show that the money belonged to Juanita Carroll as alleged in the indictment. Her testimony shows that she had the regular routine duties of a drive-in bank teller, which included taking deposits and cashing checks.

This proof was sufficient to show that she was a special owner and had the care, control and custody of the money as required under Article 1415, Vernon's Ann. P.C.

■ Complaint is also made that the proof does not show that appellant obtained as much as $50.00 in order to prove a felony.

After Juanita Carroll testified that she checked the deposit slip and check, she gave appellant some cash and made the deposit. She was then asked: "Did you give him the $340.00 less cash that he requested?" She answered: "The check was for $740.00 less $340.00—yes, I did." The evidence was sufficient to show that appellant received $340.00 cash.

■ He next contends that Juanita Carroll had the means at hand to detect any false pretext, because she could have checked the endorsement on the check to see if it was that of Dean's Garage. Reliance is had on Deitle v. State, Tex.Cr. App., 363 S.W.2d 939, where the teller had actual knowledge that the account did not contain sufficient funds to cover the instrument. The court also stated that the teller had the means at hand to detect the falsity of the sole pretext that there was insufficient funds. The present case is distinguishable from Deitle because there the teller knew the account did not contain sufficient funds to cover the check. In the present case there is no such showing. In addition to the forged endorsement there were the forged check and the unauthorized deposit slip made out to an account other than that of appellant.

■ It is further contended since the check admitted into evidence bore the printed notation "account closed", there was a showing on its face that the pretext was false.

This case is distinguishable from Payne v. State, Tex.Cr.App., 391 S.W.2d 53, relied upon by appellant. There the Court held that the instrument set out in the indictment could not be the subject of forgery or of passing a forged instrument, because it showed on its face to be a forged instrument. In the present case the indictment did not set out any of the instruments relied upon for the false pretext. There was no showing when the notation "account closed" was placed on the check. The strict rule required in proving an instrument alleged according to its tenor in forgery cases is not applicable in theft by false pretext cases where the instrument is not alleged in the indictment.

There was sufficient evidence for the jury to find a false pretext when the check and the deposit slip were presented to the teller.[1]

1. The court, without objection, charged that the jury could convict if appellant used any false pretext. In 5 Branch's Ann.P.C.2d, Sec. 2680, p. 126, is found: "Under an ordinary indictment or information for theft charging that the property was taken without the consent of the owner, a conviction may be had for theft though the taking was with the consent of the owner if the proof shows that such consent was obtained by *any* false pretext."

While, as the State admits, the proof could have been more explicit, there was sufficient evidence before the jury to support the conviction. The first, fifth and sixth grounds of error are overruled.

In the second ground of error it is contended that the verdict does not show the amount of punishment assessed by the jury. The verdict was as follows:

"We, the jury, find that the defendant, should be punished by confinement in the penitentiary for 5 five years.

/s/ Abdul R. Saud
Foreman of the Jury.

The Court charged the jury at the penalty stage of the trial that it was their duty to assess the punishment within the limits prescribed by law which was confinement in the penitentiary for not less than two nor more than ten years. The trial court in construing the verdict in conjunction with the charge properly concluded that the jury assessed the punishment at five years.

The second ground of error is overruled.

■ The third and fourth grounds of error complain that the trial court erred in the charge to the jury.

No complaint concerning the charge was made until the appellate brief was filed in the trial court. Article 36.14, Vernon's Ann.C.C.P., provides that such objections must be made in writing before the charge has been read to the jury.

Nothing is presented for review;[2] the third and fourth grounds of error are overruled.

There being no reversible error, the judgment is affirmed.

2. We note that the matters complained of do not present fundamental error. Article 36.19, V.A.C.C.P., provides in part: " * * * the judgment shall not be re-

versed unless the error appearing from the record was calculated to injure the rights of defendant * * *."