Ronnie JACKSON, Appellant,

v.

STATE of Texas, Appellee.

No. 05–81–00014–CR.

Court of Appeals of Texas, Dallas.

Oct. 26, 1981.

Nancy Gail Huggins, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, STOREY and VANCE, JJ.

AKIN, Justice.

Defendant appeals from his conviction for attempted aggravated rape. The jury found defendant guilty and assessed punishment at life predicated upon enhancement by virtue of prior convictions. His appeal is based upon the following eight (8) grounds of alleged error: (1) the indictment was defective in that it failed to allege a culpable mental state; (2) the judge erred in refusing to permit appellant from inquiring into the functional literacy of the prosecutrix; (3) the judge permitted defendant's former counsel to testify; (4) the judge allowed a lay witness to testify to a legal conclusion; (5) a fatal variance existed between the second enhancement paragraph of the indictment because the indictment alleged that defendant was convicted in the "District Court of Denton County" when the proof showed that he was convicted in the 16th District Court of Denton County; (6) the prosecutrix failed to positively identify defendant; (7) the judge permitted improper jury argument; and (8) a fatal variance between the charge and the judgment exists in a prior judgment of conviction. Because these contentions lack merit, we affirm.

■ Defendant first alleges that the indictment failed to state an offense against the laws of the State of Texas by failing to allege a culpable mental state in the indictment. We cannot agree. The indictment, omitting the formal parts, alleged that on or about July 28, 1978, defendant:

> then and there with the *specific intent to commit the offense of aggravated rape,* attempt to have sexual intercourse with C———, W———, hereinafter called complainant, a female not his wife, without the consent of the said complainant, and did then and there attempt to compel the complainant to submit to such act of sexual intercourse *by knowingly and in-*

> *tentionally* threatening the imminent infliction of serious bodily injury on the complainant, said attempt amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. [Emphasis added]

The indictment in this case alleged that defendant had the specific intent to commit the offense of aggravated rape by threatening imminent bodily harm. Consequently, we hold that the indictment contains the necessary culpable mental state for criminal intent. The specific intent to commit an offense is both a particular intent and a material fact in the description of the offense of criminal attempt. Thus, it must be alleged in any indictment charging criminal attempt. *Telfair v. State,* 565 S.W.2d 522, 523 (Tex.Cr.App.1977); *Baldwin v. State,* 538 S.W.2d 615, 616 (Tex.Cr.App.1976). *See* Tex.Penal Code Ann. § 15.01(a) (Vernon 1974).

In *Ex parte Prophet,* 601 S.W.2d 372 (Tex.Cr.App.1980) (*en banc*), the indictment alleged that on or about December 25, 1976, defendant:

> did then and there unlawfully with intent to commit rape, attempt, by force and by threatening the imminent infliction of serious bodily injury and death, to have sexual intercourse with N——— S——— M———, a female not his wife and without her consent.

The court held that where the gravamen of an offense is an act coupled with a specific intent, pleading the requisite specific intent is sufficient to allege a culpable mental state; and where the indictment alleges that the attempt was made with specific intent to commit rape, the indictment is sufficient to allege a culpable mental state. *See Hackbarth v. State,* 617 S.W.2d 944, 947 (Tex.Cr.App.1981). Consequently, defendant's complaint here lacks merit.

■ Defendant in his second ground of error argues that the trial court committed reversible error when it precluded defendant from inquiring into the functional literacy of the prosecutrix. We cannot agree. At trial, the State sought to establish that the prosecutrix did not understand certain

affidavits of non-prosecution signed by her. Defendant sought to introduce an employment application filled out by prosecutrix, in order to establish that she was functionally literate, and, therefore, able to read and to understand the affidavits. The court, on the State's objection, refused to admit the application and defendant perfected a bill of exceptions. The bill of exceptions shows, however, that the prosecutrix's testimony concerning her employment application would not have benefited defendant. Her testimony indicates that prosecutrix was able to complete the application only with the assistance of another person reading the application to her and indicating which blanks she had to complete. Based on this testimony, the exclusion of this testimony was harmless to defendant.

■ Defendant next contends that the trial judge erred in allowing into evidence the testimony of Kenneth Wincorn, defendant's former counsel, with respect to the affidavits of non-prosecution tendered into evidence by the defendant. We cannot agree. Wincorn testified that he had dictated the affidavits of non-prosecution which were subsequently signed by prosecutrix. Wincorn further testified that he did not prepare certain other affidavits signed by prosecutrix and that these other affidavits concerned coercion and duress but not aggravated rape. The attorney-client privilege is governed by Tex.Code Crim.Pro. Ann. art. 38.10 (Vernon 1979), which provides that an attorney shall not disclose a communication made to him by his client during the existence of that relationship, nor disclose any other fact which came to the knowledge of such attorney by reason of such relationship. Because no communication between counsel and client was disclosed by Wincorn's testimony, no breach of the attorney-client relationship occurred. *Church v. State*, 552 S.W.2d 138, 142 (Tex. Cr.App.1977). As to the affidavits prepared by Wincorn, if any privilege existed, it was waived by their introduction into evidence by defendant.

■ Defendant also argues that the trial court erred in allowing a lay witness to give a legal conclusion. In this respect, Jan Rice, the paralegal, before whom the affidavits of non-prosecution were signed by the prosecutrix, was questioned by the State concerning whether an affidavit of non-prosecution had any effect on whether a case would be prosecuted. Rice responded in the negative. Although this answer may be a legal conclusion, it is, nevertheless, the law and thus no harm is shown. Indeed, later the trial judge so instructed the jury. Furthermore, the State's question was not directed to seek a legal conclusion from the witness, but instead it was propounded to determine whether the participants in the signing of the affidavits were attempting to trick or deceive the prosecutrix into signing them. The State was attempting to negate the inconsistent statements of the prosecutrix in the affidavits by establishing that the prosecutrix did not read and understand the affidavits. Thus, the State's questions were directed toward establishing that fraud and deceit were used in obtaining prosecutrix's signature on the affidavits.

■ Defendant next contends that a fatal variance exists between the second enhancement paragraph of the indictment and the proof. We do not agree. The enhancement *paragraphs* alleged that Ronnie Jackson was duly and legally convicted on March 16, 1967, in Cause Number 12,097 in the "District Court of Denton County." The State's proof shows, however, that defendant was convicted in the "16th District Court of Denton County." Denton County currently has three district courts, Tex.Rev. Civ.Stat.Ann. art. 199(16) (Vernon 1979) and Tex.Rev.Civ.Stat.Ann. art. 199a §§ 3.004, 3.039 (Vernon Supp.1980–81), but at the time of defendant's first conviction, Denton County had but one district court, the 16th District Court of Denton County. Tex.Rev.Civ.Stat.Ann. art. 199(16) (Vernon 1979). Consequently, no question exists as to the court in which he was convicted. We recognize that in counties with more than one district court at the time of the alleged conviction, there is a fatal variance between

the allegations in the indictment and proof when the indictment alleges one court and the proof shows another court. *Bray v. State*, 531 S.W.2d 633, 634–5 (Tex.Cr.App. 1976); *Corley v. State*, 158 Tex.Cr. 207, 254 S.W.2d 394, 394 (1953); *Morman v. State*, 127 Tex.Cr. 264, 75 S.W.2d 886, 887 (1934). The reason for this rule is so that the defendant may know with certainty that he is the person convicted by the prior judgment which the State intends to use for enhancement of punishment. This rationale does not apply here because only one district court was in existence at the time of the conviction. Thus, no confusion as to which court or which conviction can exist. When the county has only one district court, we hold that a clerical error in the number of the district court does not render the proof of the prior conviction at variance with the allegations in the indictment so as to require reversal. *Bray v. State*, 531 S.W.2d 633, 635 (Tex.Cr.App.1976); *Thomas v. State*, 496 S.W.2d 578, 581 (Tex.Cr.App. 1973). Consequently, the indictment provided appellant with sufficient information for him to determine whether he was the same person as alleged in the enhancement paragraph of the indictment, and no fatal variance exists between the allegations and proof.

■ Defendant's sixth ground of error asserts that the evidence was insufficient to support his conviction because he was never positively identified as the prosecutrix's attacker. We do not agree. The record clearly shows that the prosecutrix positively identified defendant as her attacker by identifying him in open court.

■ In his next point, defendant argues that in the State's final argument, the State made repeated statements impermissibly attacking his defense counsel and him. In this respect, he cites various instances when the State referred to him as a "three time loser," a "so-called citizen" and a "fine citizen" in a sarcastic tone. Defendant also complains of the State arguing that what the jury had heard from the stand was nothing but "deception, lies, treachery, trickiness, [and] cover-ups;" and "if that's

what representing a fine citizen is, well, then I'm proud to be the attorney for the government representing citizens like you." No objection was made at trial to this argument. Consequently, no error is preserved for our review.

■ Defendant's final contention is that his prior conviction for kidnapping, as alleged in the first enhancement paragraph of the indictment, cannot be used for enhancement purposes because there was a fatal variance between the indictment and jury charge in that case. We cannot agree that this is error here because the court cannot go outside of the record before it. The indictment and jury charge in defendant's prior conviction were not before the trial court, nor before us. Consequently, we cannot determine whether a fatal variance existed. Tex.Code Crim.Pro.Ann. art. 36.19 (Vernon 1981); *Burleson v. State*, 449 S.W.2d 252, 255 (Tex.Cr.App.1969).

Affirmed.