In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-232 CR


____________________



REBECCA ANN GRAHAM, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 260th District Court


Orange County, Texas


Trial Cause No. D-990090-R






OPINION


 Appellant stands convicted of theft as a consequence of her signing and cashing a
check drawn on the account of another. She raises four issues on appeal: (1) the trial court
committed reversible error by excusing a potential juror, (2) the State was permitted to
improperly attempt to elicit testimony from Appellant accusing a witness of lying, (3) and
(4) the evidence was legally and factually insufficient to prove intent. We overrule each
of her issues because: (1) Appellant has not demonstrated that she was deprived of a
lawfully constituted jury, (2) her appellate complaint about cross-examination does not
comport with her trial objection, and (3) and (4) the evidence as measured against the
appropriate standards of review was both legally and factually sufficient.

 Appellant first complains that the trial court erred by improperly excusing a
potential juror upon the State's challenge for cause. The erroneous excusing of a member
of the venire will be reversed only if the record shows the error deprived the defendant of
a lawfully constituted jury. See Jones v. State, 982 S.W.2d 386, 394 (Tex. Crim. App.
1998). As there is no such showing in this case Appellant's first issue is overruled.

 Appellant next complains that the State was permitted to ask her if she thought
another witness was lying. But at trial Appellant objected that the State had
mischaracterized earlier testimony. As her appellate complaint does not comport with her
trial objection, we overrule Appellant's second issue. See Tex. R. App. P. 33.1(a)(1).

 The standards of review applicable to Appellant's last two issues are well known.
Jackson v. Virginia provides the standard for measuring Appellant's challenge to the legal
sufficiency of the evidence. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781,
61 L.Ed.2d 560 (1979). And our review of Appellant's factual sufficiency challenge
begins with Clewis. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

 In issues three and four Appellant challenges the proof of criminal intent. The intent
to deprive the owner of property must exist at the time of the taking. See Peterson v.
State, 645 S.W.2d 807, 811 (Tex. Crim. App. 1983). But specific intent to commit theft
can be inferred from the surrounding circumstances. See Coronado v. State, 508 S.W.2d
373, 374 (Tex. Crim. App. 1974).

 Also, under issues three and four, Appellant characterizes the matter as a dispute
between a complaining witness and an accused and contends that a conviction cannot be
upheld if ownership of the property is disputed between the complaining witness and the
accused. The authorities she cites, Bryant v. State, 627 S.W.2d 180 (Tex. Crim. App.
[Panel Op.] 1982), and Cox v. State, 658 S.W.2d 668 (Tex. App.-Dallas 1983, pet. ref'd),
do not support her contention. But Appellant's contention is significant because it reveals
how she misconstrues the facts of the case. Appellant's argument assumes that the
complaining witness is one of her business associates, but the allegation and the proof is
that Appellant deprived a bank (and its branch manager named in the indictment) of
property. (1)

 Appellant and two associates formed a limited liability company, Double Eagle
Transport Company, L.L.C. One of her associates, Lori Kennon, became the Finance
Manager. Acting as Finance Manager Kennon opened a checking account with the
Community Bank at Vidor, Texas. The signature card on file at the bank bore only
Kennon's signature. Only Kennon was authorized to sign checks drawn on the Double
Eagle account. Appellant was convicted of theft as a consequence of her unauthorized
cashing of a check on the Double Eagle account.

 Appellant twice withdrew money from the Double Eagle account using temporary
checks provided her by bank employees. According to the testimony of State's witnesses
Appellant first approached a teller and requested three temporary checks on the account.
Appellant presented the teller with a photo identification and a bank signature card with
two signatures, those of Kennon and Appellant. The teller assumed the signature card was
valid and cashed the three checks for Appellant. Each of the checks were written out and
signed by Appellant. Appellant had noted on the checks that they were for "cash advance,"
"company car expense," and "telephone expense reimbursement." Two days later
Appellant returned to the bank, from a different teller she obtained another temporary
check and cashed a check for $6,000.00 bearing the notation "salary." That teller
discovered that Appellant was not shown in the computer as one authorized to withdraw
money from the Double Eagle account. But the teller who had waited on Appellant two
days earlier recalled seeing Appellant's signature on the signature card that Appellant had
presented her and authorized the $6,000.00 withdrawal.

 Afterward the bank's branch manager determined that Appellant was not authorized
to sign checks on the Double Eagle account, and the bank reimbursed Double Eagle for
the wrongful withdrawals. Appellant stands convicted of theft of the $6,000.00 from the
bank manager.

 Circumstances supporting Appellant's conviction begin with testimony describing
how she appeared at the bank with a bogus signature card and executed checks unlawfully.
Appellant's testimony and her theory of the case were refuted by testimony of the bank
employees and Lori Kennon. In addition to that summarized above the testimony of the
bank's employees described what would be required to give Appellant authority to write
checks on the account, procedures absent in this case. Kennon denied that Appellant had
executed a signature card authorizing her to withdraw money from the Double Eagle
account and contradicted Appellant's testimony about going to the bank and jointly signing
a bank signature card. Appellant's own testimony refuted any claim to the $6,000.00 as
salary. And according to the testimony of the attorney who prepared the documents
creating Double Eagle Transportation Company, L.L.C., only Kennon was authorized to
deal with financial matters. 

 In sum, the evidence was such that any rational trier of fact could find the essential
elements of the crime beyond a reasonable doubt. See McDuff v. State, 939 S.W.2d 607,
614 (Tex. Crim. App. 1997). And, after viewing all of the evidence, we are unable to
conclude that the evidence supporting the verdict was so weak as to render the verdict 
clearly wrong and manifestly unjust, or that the verdict was against the great weight and
preponderance of the available evidence. See Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000).

 Appellant also contends that the evidence failed because the bank did not take any
action to determine whether or not she was authorized to sign checks on the account.
Appellant's argument relies upon the law applicable to the former offense of defrauding
with a worthless check and the opinion in Deitle v. State, 363 S.W.2d 939 (Tex. Crim.
App. 1963), addressing proof necessary for conviction of that offense. Appellant cites no
authority that the holding in Deitle should apply in a theft case brought under Tex. Pen.
Code Ann. § 31.03 (Vernon Supp. 2002).

 The judgment is AFFIRMED.

 __________________________

 DAVID FARRIS (2)

 Justice

Submitted on July 1, 2002

Opinion Delivered August 14, 2002

Do Not Publish


Before Burgess, Gaultney and Farris, JJ.
1. Money deposited in a bank, absent a special agreement, becomes the property of
the bank creating a relationship where the depositor is a creditor and the bank a debtor. See
Hudnall v. Tyler Bank & Trust Co. 458 S.W.2d 183, 186 (Tex. 1970). 
2. The Honorable David Farris, sitting by assignment pursuant to Tex. Gov't Code
Ann. § 74.003(b) (Vernon 1998).