**Opinion filed April 15, 2021**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00128-CR

_____

## JUAN RAMON BARRON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 10594**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Juan Ramon Barron, of the second-degree felony offense of tampering with physical evidence, namely human corpses. *See* TEX. PENAL CODE ANN. § 37.09(c), (d)(1) (West 2016). The jury assessed Appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years. Appellant's sentence of

confinement was suspended, and Appellant was placed on community supervision for ten years.  The jury also assessed a fine of $10,000.

Appellant asserts twelve issues on appeal.  The core issues asserted by Appellant are that the evidence is legally insufficient to support the verdict and that the trial court erred in declaring Appellant's justification defenses irrelevant and preventing Appellant from arguing self-defense and presenting evidence of justification defenses throughout the case.  We affirm.

*Background Facts*

Around 10:00 p.m., Appellant began drinking, smoking marihuana, and using cocaine with his girlfriend, whose name at the time was Jamai Nicole Dabney, and one other friend.  Around 4:00 a.m., Appellant heard a knock at the back door.  Appellant grabbed a knife before answering the door, as he was not expecting company.  Two men dressed in all black and wearing ski masks were at the door.  Appellant rushed toward them, yelling, "You ain't going to rob me . . . ."  A fight ensued between the two men, Appellant, and Dabney.  Appellant noticed one of the men holding a gun.  Appellant repeatedly stabbed the man holding the gun in the neck, face, and "anywhere [Appellant] could reach."  Appellant took the gun from him, turned around to the other man fighting with Dabney, and "shot the guy until [Appellant] thought he was dead."

Both Dabney and Appellant were still intoxicated during these events and began to panic.  They decided to drag the corpses to the side of the trailer, pull back the skirt from the bottom of the trailer, and stuff the bodies under the trailer.  They placed the skirt back on the trailer and cleaned the trailer and yard with bleach and water.  Appellant dug up the areas of dirt that were covered in blood, placed the blood-soaked dirt along with his bloody clothes in blankets, and hid them behind a shed.  Appellant wrapped the gun in a paper towel and placed the gun, along with the shell casings, in a pizza box on the kitchen table.  After sobering up, Appellant

2

and Dabney decided to "turn[] [themselves] in" and went to the police station to inform the police of what had occurred. Appellant was then arrested and charged with tampering with physical evidence. The jury convicted Appellant, and this appeal followed.

*Analysis*

### I. Sufficiency of the Evidence

In his twelfth issue on appeal, Appellant contends that the evidence is insufficient to prove beyond a reasonable doubt that Appellant intended to impair the availability of the corpses as evidence in future investigations. We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

When conducting a sufficiency review, we consider all of the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778.

It is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence can alone be sufficient to establish guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). Each fact need not point directly and independently to guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13.

A person commits the offense of tampering with evidence if, "knowing that an offense has been committed, [the person] alters, destroys, or conceals any . . . thing with intent to impair its . . . availability as evidence in any subsequent investigation of or official proceeding related to the offense." PENAL § 37.09(d)(1). This statute requires proof of three elements: the defendant (1) knew an offense was committed; (2) concealed, altered, or destroyed a thing; and (3) intended to impair the availability of that thing as evidence in any subsequent investigation or official proceeding related to the offense. *Stahmann v. State*, 602 S.W.3d 573, 576 (Tex. Crim. App. 2020).

A person has knowledge of the commission of a murder where that person is aware at the time of his alleged acts that someone intentionally or knowingly caused the death of another individual. *See* PENAL § 19.02(b)(1) (West 2019); *Hall v. State*, 283 S.W.3d 137, 159 (Tex. App.—Austin 2009, pet. ref'd).

Proof of actual concealment "requires a showing that the allegedly concealed item was hidden, removed from sight or notice, or kept from discovery or observation." *Stahmann*, 602 S.W.3d at 581 (quoting *Stahmann v. State*, 548 S.W.3d 46, 57 (Tex. App.—Corpus Christi–Edinburg 2018), *aff'd*, 602 S.W.3d 573 (Tex. Crim. App. 2020)); *see also Rotenberry v. State*, 245 S.W.3d 583, 586 (Tex. App.—Fort Worth 2007, pet. ref'd) (noting in dicta that "[the defendant] concealed *physical*

4

*evidence*—[the victim's] body—when [the defendant] hid the body in the septic tank").

A person acts with the intention to impair the availability of the evidence in a subsequent investigation or proceeding related to the offense when it is the person's conscious objective or desire to impair the availability of the evidence. *See* PENAL § 6.03(a) (West 2011). The focus of this element is only whether Appellant *intended* to impair the availability of the thing by concealing it; it is not an element of the offense that concealment actually impair the evidence's availability. *See* PENAL § 37.09(d)(1); *Carnley v. State*, 366 S.W.3d 830, 835 (Tex. App.—Fort Worth 2012, pet. ref'd); *Lewis v. State*, 56 S.W.3d 617, 625 (Tex. App.—Texarkana 2001, no pet.).

The record demonstrates that Appellant expressly admitted to police that he stabbed one man repeatedly in the face and neck, grabbed the gun from him, and "shot the [other] guy until [Appellant] thought he was dead. . . . [Appellant] started thinking of the consequences, and [he] was thinking that [he] should have called the cops but [he] did not."[1] Appellant stated that he and Dabney dragged the corpses by their feet, placed them under the trailer, and proceeded to clean up the trailer and yard with bleach and water. Dabney clarified that they pulled the skirt off the side of the trailer to "stuff[] them under the house" and then "put the skirt back on and started cleaning up the house and the yard." Appellant also told police that he dug up the areas of dirt that were covered in blood, placed the blood-soaked dirt and their bloody clothes in blankets, and hid the blankets along with drugs behind a shed. Appellant admitted to wrapping the gun in a paper towel and placing the gun, along with the shell casings, in a pizza box on the kitchen table. Moreover, Appellant

---

[1]In a separate trial, Appellant was convicted of murder arising from the same criminal episode. We recently affirmed his murder conviction. *See Barron v. State*, No. 11-18-00324-CR, 2021 WL 747698 (Tex. App.—Eastland Feb. 26, 2021, pet. filed).

admitted that he later attempted to destroy Dabney's cell phone by taking it apart and throwing it out of the window of a car while driving down the street.

Viewing the evidence in the light most favorable to the verdict, we conclude that sufficient evidence exists to prove beyond a reasonable doubt that Appellant was aware that a murder had been committed, that he concealed the corpses, and that he did so intending to impair the availability of the corpses as evidence in a subsequent investigation or proceeding related to the underlying offense. We overrule Appellant's twelfth issue.

*II. Justification Defense*

In his first issue on appeal, Appellant contends that the trial court erred in holding that Appellant's justification defenses were irrelevant to a tampering-with-evidence case. The indictment read, in relevant part, that Appellant "did then and there, knowing that an offense had been committed, to-wit: murder, intentionally or knowingly alter or conceal human corpses . . . with intent to impair their availability as evidence in any subsequent investigation or official proceeding related to the offense." Appellant asserts that, given the manner in which the State indicted Appellant, murder was a required element in the State's proof and, thus, that justification defenses were clearly relevant to the case. We disagree.

As we discussed in our disposition of Appellant's twelfth issue, one element of tampering with evidence under subsection (d)(1) requires that the defendant know about the commission of an offense. *See* PENAL § 37.09(d)(1); *Stahmann*, 602 S.W.3d at 576. Appellant's defensive posture—as well as his posture on appeal—appears to be that, because Appellant believed his actions were justified, Appellant did not know that a "crime" had been committed. Appellant's position misconstrues the law surrounding justification defenses.

At the outset, we note that justification defenses only apply to conduct for which the defendant is currently being prosecuted. *See* PENAL § 9.02 ("It is a defense

6

to prosecution that the *conduct in question* is justified under this chapter." (emphasis added)). Here, although the indictment expressly defines the underlying offense as murder, the State was not prosecuting Appellant for murder through this indictment; rather, Appellant was only being prosecuted for the offense of tampering with evidence. Self-defense, then, does not change the nature of the underlying conduct—murder. Rather, it is a defense to *prosecution* for the underlying conduct of murder. Because Appellant's justification defenses do not apply to the *conduct in question*, justification defenses are wholly irrelevant in this case. *See id.*

In any event, that the underlying offense may be justified is of no consequence in determining whether a defendant had knowledge of its commission. Justification defenses are based on the common law doctrine of confession and avoidance. *See Juarez v. State*, 308 S.W.3d 398, 401–04 (Tex. Crim. App. 2010). A justification defense only excuses culpability to what would otherwise constitute punishable conduct; it is not something that transforms the underlying conduct so that it no longer constitutes an offense. *See id.*; *Crayton v. State*, No. 03-14-00570-CR, 2016 WL 6068250, at *9 (Tex. App.—Austin Oct. 14, 2016, pet. ref'd) (mem. op., not designated for publication) ("Thus, the jury's decision to acquit appellant of murder based on self-defense does not mean that the murder did not occur; it means only that appellant claimed, and the jury decided, that the murder was justified."); *see also Stahmann*, 548 S.W.3d at 63 (holding Section 37.09(d)(1) "requires a showing that the defendant have knowledge that an 'offense' occurred[;] it does not require that the 'offense' be committed by the defendant").

Here, the underlying offense was murder. Section 19.02(b)(1) clearly states: "*A person commits an offense if he* . . . intentionally or knowingly causes the death of an individual[.]" PENAL § 19.02(b)(1) (emphasis added). Nowhere in Section 19.02 does it state or imply that a person commits the offense of murder only if the defendant's conduct is not justified. *See id.* From the plain language of the

7

statute, then, so long as Appellant knew that he or someone else intentionally or knowingly caused the death of another individual, then Appellant knew about the commission of a murder. *See id.* Whether Appellant believed that he would not be subsequently *convicted* for the offense of murder because such conduct was justified is immaterial to a determination of whether Appellant knew a *murder* had been committed. *See id.* §§ 19.02(b)(1), 37.09(d)(1); *Juarez*, 308 S.W.3d at 401–04; *Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007); *Crayton*, 2016 WL 6068250, at *9–10; *Hall v. State*, 283 S.W.3d 137, 159 (Tex. App.—Austin 2009, pet. ref'd). For these reasons, justification defenses are wholly irrelevant to the charged offense of tampering with physical evidence. The introduction of this legal concept in conjunction with the charge of tampering with physical evidence would unnecessarily risk confusing the jury in determining the outcome of this case. We overrule Appellant's first issue.

In his eighth issue, Appellant contends that the trial court abused its discretion when it allowed three law enforcement officers to testify about the law of justification defenses. We review a trial court's decision to admit or exclude evidence for abuse of discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005); *Schmidt v. State*, 612 S.W.3d 359, 366 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd). A trial court's decision to permit witness testimony will not be disturbed on appeal absent a showing of an abuse of discretion. *Schmidt*, 612 S.W.3d at 366. An abuse of discretion occurs when the trial court acts without reference to guiding rules or principles or acts arbitrarily or unreasonably. *Id.* at 369.

During a pretrial hearing, the State and the defense counsel discussed with the trial court the interaction between tampering with evidence and self-defense. The trial court determined that self-defense was irrelevant to a charge for tampering with evidence, stating to the defense counsel in clear terms, "[Appellant's] position is not tenable." The trial court further expressed concern over the tendency to mislead,

misdirect, or confuse the jury if testimony regarding self-defense was allowed during the tampering with evidence trial.

Notwithstanding the trial court's decision, both the State and the defense counsel attempted to examine witnesses on the legal issues of murder and self-defense as applied in the context of Appellant's trial for tampering with evidence. The State called Texas Ranger Phil Vandygriff—who participated in the investigation of the scene and questioning of Appellant—and proceeded to examine Ranger Vandygriff on the law of murder and self-defense. The State also asked the same line of questioning to Sergeant Lea Tarter and to a more substantial extent during the examination of Lieutenant Mike Counts. All three officers gave substantially the same testimony: a person commits an offense of murder even if done in self-defense. On cross-examination, the defense counsel questioned Ranger Vandygriff—largely without objection from the State—on the same issues concerning the application of self-defense to murder (and by extension to the tampering charge).

Although defense counsel broadly objected each time the State asked a witness about the interplay between the law of murder and self-defense, the objections were not based on relevance, lack of expertise, qualification, or testimony as to matters of pure law. Most of defense counsel's objections merely asserted that the witnesses' statements were a "misstatement of the law." However, defense counsel objected to Ranger Vandygriff's testimony by stating: "That is an improper question. It invades the province of the jury. It's not a proper question for the State's attorney to ask, and it's not a proper question for the witness to answer." The trial court overruled defense counsel's objections.

Appellant now asserts that the trial court erred in allowing the witnesses' testimonies because such statements constituted legal opinions on the applicability

of the law in this case and were mischaracterizations of the relevance of justification defenses.

The law is well established: A witness, lay or expert, may not give opinions on pure questions of law. *Great W. Drilling, Ltd. v. Alexander*, 305 S.W.3d 688, 696 (Tex. App.—Eastland 2009, no pet.); *Anderson v. State*, 193 S.W.3d 34, 38 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Additionally, a witness may not interpret the law for the jury. *United Rentals N. Am., Inc. v. Evans*, 608 S.W.3d 449, 473 (Tex. App.—Dallas 2020, pet. filed). Pure questions of law are within the exclusive province of the trial court to determine. *Nat'l Convenience Stores, Inc. v. Matherne*, 987 S.W.2d 145, 149 (Tex. App.—Houston [14th Dist.] 1999, no pet.). It is the trial court's sua sponte duty to instruct on the law applicable to the case; an expert witness may not intrude on the functions of the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007); *Delgado v. State*, 235 S.W.3d 244, 249–50 (Tex. Crim. App. 2007). Thus, an expert witness cannot interpret or otherwise express an opinion on the meaning or content of the law in the jurisdiction. *Anderson*, 193 S.W.3d at 38 (trial court properly excluded officer's testimony on the difference between assault and terroristic threat because that distinction is a matter of statutory interpretation—a question of law).

Assuming without finding that Appellant's objections properly preserved error, neither Ranger Vandygriff nor the other officers had been adequately qualified as experts, particularly to testify as to matters of law, the legal definition of murder, the legal definition of self-defense, and how the two legal theories interact. Regardless, that is not the role of *any* witness in a jury trial. *See Anderson*, 193 S.W.3d at 38. The State, however, propounded questions to the witnesses tending to elicit answers of pure law on murder and self-defense.

While Texas courts permit expert witnesses to offer opinions on *mixed* questions of law and fact, those opinions must be confined to relevant issues and

10

based on proper legal concepts. *Anderson*, 193 S.W.3d at 38. Further, the expert opinions must be helpful to the trier of fact to understand the evidence or to determine a fact in issue. TEX. R. EVID. 702. In the context of the examination in this case, murder, self-defense, and their interplay were not relevant. It is permissible for experts to be given the law by precise definition or to state the law themselves if they are properly trained and qualified to express such an opinion, but only as a predicate to the expert's application of that law to *relevant facts* in the case and giving opinion testimony. *See Anderson*, 193 S.W.3d at 38. Those are not the circumstances here. There was nothing the law enforcement officers could add to the proper instruction given by the trial court on *pure* matters of law. *See United Rentals N. Am.*, 608 S.W.3d at 473. Under a proper objection, their testimony on the law regarding murder, self-defense, or their interaction should have been excluded. It could not be helpful to the jury, did not include a question that the jury would be asked, and invited the risk of confusing the relevant issues and misleading the jury. *See id.*; *see also* TEX. R. EVID. 403.

Even if such testimony constituted error, we hold that any such error would be harmless. Error in admission of evidence is nonconstitutional and will be disregarded unless "the error had a substantial and injurious effect or influence in determining the jury's verdict." *Schmidt*, 612 S.W.3d at 372 (quoting *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). So long as the reviewing court has "fair assurance that the error did not influence the jury, or had but a slight effect," we will not reverse the trial court's ruling. *Id.* (quoting *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)).

Here, we can be adequately assured that the error did not influence the jury because the trial court properly charged the jury and instructed the jury that it was bound to receive, and must be governed by, the law given by the trial court. Moreover, the officers' statements were substantially correct statements of the law.

11

*See Jackson v. State*, 624 S.W.2d 306, 309 (Tex. App.—Dallas 1981, no pet.). Whether the officers' legal opinions were admitted or excluded would not change the fact that the jury could not consider the law of justification defenses in rendering its decision. To the contrary, the defense counsel's repeated attempts to interject the law of justification defenses into the case invited and made necessary judicial clarification of the applicable law to prevent confusion on or misconstruction of the law and from what source the jury may receive it. Although the law should have come solely from the trial court, the court nevertheless properly ruled that "[s]elf-defense is not an issue in this case" within the hearing of the jury, and the law, correctly stated, was given to the jury in the court's charge with the instruction that "you are bound to receive the law from the Court in these written instructions and you shall be governed thereby." Therefore, we will not disturb the trial court's ruling. Appellant's eighth issue is overruled.

The remainder of Appellant's issues are all contingent upon this court finding that justification is a relevant defensive theory in this case. Specifically, Appellant's second, third, and fourth issues concern the trial court's rulings prohibiting defense counsel from questioning prospective jurors about justification defenses. Appellant's fifth, sixth, and seventh issues concern the trial court's rulings preventing defense counsel from presenting evidence relating to justification defenses. Appellant's ninth issue concerns the trial court's denial of his justification defenses in the court's charge. Appellant's tenth issue concerns the trial court's ruling permitting the prosecutor to argue that Appellant's justification defenses had no relevance to the charge, and Appellant's eleventh issue challenges the trial court's ruling that prohibited defense counsel from arguing Appellant's justification defenses. Because of our ruling on Appellant's first issue, we overrule Appellant's remaining issues—two, three, four, five, six, seven, nine, ten, and eleven.

*This Court's Ruling*

We affirm the judgment of the trial court.

W. BRUCE WILLIAMS

JUSTICE

April 15, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.