COÖS.

---

## STATE *v.* SMALL.

In an indictment for a second offence, an averment of a conviction that gives no information of the time, court, or county in which the judgment was rendered, is insufficient.

The provision of Gen. Laws, *c.* 109, *s.* 23, in relation to the form of an averment of a former conviction, does not dispense with the requirement of such a description as will enable the defendant to find the record.

Indictment, under Gen. Laws, *c.* 109, *s.* 13, for keeping spirituous liquor for sale, with an averment that the defendant " has previously been convicted of a violation of section 13 of chapter 109 of the General Laws in relation to the keeping for sale of spirituous liquor."   The question was reserved whether the indictment sufficiently describes a " subsequent offence."   Other questions raised in this case were decided in *State* v. *Fagan* and *State* v. *Adams, ante,* 431, 440.

*J. H. Dudley,* solicitor, for the state.

*Aldrich & Remich (Drew & Jordan* with them), for the defendant.   Gen. Laws, *c.* 109, *s.* 23, is in conflict with Art. 15 of the Bill of Rights.   *Com.* v. *Harrington,* 130 Mass. 35.

Doe, C. J.   The provision of Gen. Laws, *c.* 109, *s.* 23, that the record of a former conviction need not be " set forth particularly " in an indictment for a second offence, and that " it shall be sufficient to allege briefly that such person has been convicted of a violation of any provision of this chapter, as the case may be," implies that there must be a statement of the record if it is relied on with a view of charging the defendant with the higher penalty. *Tuttle* v. *Com.,* 2 Gray 505, 507.   The judgment need not be set forth literally; but he is entitled to a description that will enable

him to find the record, to apply for a correction or reversal, and to make preparation for a trial of the question whether he is the convict. A construction less favorable to him would not be consistent with his constitutional right. The averment giving him no information of the time, court, or county in which the judgment was rendered, is insufficient. The indictment is good, but not for a subsequent offence.

*Case discharged.*

All concurred.