URIAH STINSON v. THE STATE.

No. 3407. Decided February 3, 1915.

Rehearing denied March 3, 1915.

**1.—Assault to Murder—Indictment—Bad Spelling—Amendment.**

Where, upon trial of assault with intent to murder, the motion to quash the indictment was on the ground that the "t" at the end of the word "intent"

was omitted, there was no error in overruling the motion, although the court had no authority in permitting the district attorney to place the letter "t" at the end of the word "intent."

**2.—Same—Statement of Facts—Practice on Appeal.**

In the absence of a statement of facts, other exceptions can not be considered on appeal.

Appeal from the District Court of Gregg. Tried below before the Hon. W. C. Buford.

Appeal from a conviction of assault with intent to murder; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*F. B. Martin,* for appellant.—On question of insufficiency of indictment: Goldstein v. State, 36 S. W. Rep., 278; Barfield v. State, 45 S. W. Rep., 1015; Bartlett v. State, 2 S. W. Rep., 822.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of sufficiency of indictment: Martin v. State, 40 Texas, 19; Bland v. State, 4 Texas Crim. App., 15; Bryant v. State, 54 Texas Crim. Rep., 65, 111 S. W. Rep., 1009.

DAVIDSON, JUDGE.—Appellant was convicted of assault to murder, his punishment being assessed at ten years confinement in the penitentiary.

There was a motion made to quash the indictment on the ground that it did not charge "intent" to murder. In this respect the indictment copied in the record reads as follows: "did then and there unlawfully with malice aforethought make an assault in and upon Lela Stinson with the intent then and there to murder the said Lela Stinson against the peace and dignity of the State." The motion to quash is based upon the statement in the motion that the word "intent" as copied in the transcript was written as follows, "inten," omitting the "t" from the end of the word. There is a bill of exceptions which recites that the word "intent" was written as claimed by appellant in the motion to quash. It is further recited that the court permitted the district attorney to add the letter "t" to the word in the indictment. Of course the district judge was not authorized to do this, and if the matter was fatal to the indictment the mere fact that the court permitted the district attorney to place the letter "t" at the end of the word "intent" would not be cured by such addition. The writer, however, does not believe that the mere fact that the letter "t" was added by authority of the district judge invalidates the indictment or makes it any stronger or better than if such action had not been taken. The indictment will be treated as if the unauthorized letter "t" had not been added to the word intent. We are of opinion, however, from this standpoint, under our authorities this ought not to require a reversal of the judgment. We think this indictment is sufficient, and sufficiently charges assault

with intent to murder, whether the "t" was added or left out. So believing we believe there is no merit in the contention. A statement of facts does not accompany the record. In the condition it is presented to us we are of the opinion there is no reversible error, therefore the judgment is affirmed.

*Affirmed.*

[Rehearing denied March 3, 1915.—Reporter.]