EDDIE MORMAN, ALIAS EDGAR MARMION, ALIAS E. L. MOORMAN v. THE STATE.

No. 16949. Delivered November 7, 1934.
Reported in 75 S. W. (2d) 886.

The opinion states the case.

*Dick Young, C. F. Stevens,* and *Gordon O. McGehee,* all of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The indictment under which appellant was tried charged the offense of theft of property over the value of fifty dollars, and contained averments showing a previous conviction of an offense of like character. Because of repetition of offenses, the penalty assessed was imprisonment in the penitentiary for ten years.

On the 3rd of August, 1933, an automobile was stolen from H. F. Broughton in the city of Houston. The car was discovered in a garage in Houston where, according to the testimony of the State, appellant had placed it. The proof on the part of the State was to the further effect that appellant had formerly been convicted in the Criminal District Court No. 2 of Harris County of the offense of theft of property over the value of fifty dollars. Testifying in his own behalf, appellant denied any connection with the theft. He testified that at the time the car was alleged to have been stolen he was with his father at a named place in the city of Houston.

The indictment charged the former conviction to have been obtained in the Criminal District Court of Harris County, it being alleged that the cause was numbered 35,668 on the docket of said court. There are two district courts in Harris County exercising jurisdiction in criminal cases. The statute desig-

nates one court "Criminal District Court," and names the other "Criminal District Court No. 2." Chapter 24, General and Special Laws of the Regular Session of the 40th Legislature. The previous conviction upon which the enhanced penalty was assessed had in fact been secured in Criminal District Court No. 2, and not in the Criminal District Court as alleged in the indictment. Upon being apprised of this fact the trial judge caused the clerk to insert "No. 2" in the indictment after "Criminal District Court." Appellant insists that the action of the trial court was unwarranted, his position being that there was an attempt to amend the indictment as to a matter of substance.

Article 533, C. C. P., reads as follows: "Any matter of form in an indictment or information may be amended at any time before an announcement of ready for trial upon the merits by both parties, but not afterward. No matter of substance can be amended."

We have held under the terms of the statute above quoted that that part of the caption showing the court into which the indictment is returned is a matter of form and may be amended. Huff v. State, 58 S. W. (2d) 113, and authorities cited. The authorities mentioned do not support the proposition that an allegation in a count setting forth a former conviction which incorrectly designates the court in which the conviction was obtained may be treated as a formal matter subject to correction by amendment. The rule is that in alleging the former conviction the court in which the conviction was obtained, the time of the conviction, and the nature of the offense, must be set forth. 31 Corpus Juris, p. 736; State v. Adams, 13 Atl., 785; Rand v. Commonwealth, 50 Va., 738. The accused is entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation for a trial of the question whether he is the convict named therein. State v. Small, 14 Atl., 727. It is obvious that the allegations mentioned relate to matters of substance. An indictment cannot legally be amended as to a matter of substance. Branch's Annotated Penal Code, sec. 511; Stinson v. State, 173 S. W., 1039. It follows that the amendment of the indictment was without authority and could not have the effect of obviating a fatal variance between the proof and the allegation as to the court in which the previous conviction had been obtained.

In view of another trial, we call attention to two purported bills of exception. Appellant objected to being required to tes-

tify that he did not tell the officers at the time they arrested him in San Antonio that he could not have committed the offense as he was not in Houston when the car was stolen. Further, appellant objected to the testimony of one of the officers to the effect that appellant told him while he had him under arrest in San Antonio that he was not in Houston at the time of the commission of the offense. Appellant was under arrest when he made the declarations, and the provisions of article 727, C. C. P., relating to confessions had in no manner been complied with. The effect of the testimony was to impeach the testimony given by appellant upon the trial. Proof of a confession, or of a statement of facts amounting to a confession, made while the accused is in custody or confinement, and which would not be admissible as original evidence is not admissible to impeach him. Lightfoot v. State, 35 S. W. (2d) 163, and authorities cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.