JAMES ERVIN CORLEY v. STATE.

No. 25,949. January 28, 1953.
[Original Option Withdrawn.]

*Bert Ashby* and *George W. Harwood,* Dallas, for appellant.

*Henry Wade,* District Attorney, *Charles S. Potts,* Assistant District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

## ON MOTION FOR REHEARING.

BELCHER, Judge.

Appellant's principal complaint on motion for rehearing is that there is a variance between the allegations in the indictment and the state's proof.

The sufficiency of the evidence to support the allegations in the indictment is inquired into by this court in all cases, no bill of exception being required.

Appellant was primarily charged by indictment with the offense of burglary alleged to have been committed on the 13th day of December, 1947, in Dallas County.

One of the prior convictions alleged for the purpose of enhancing the punishment of the appellant under Art. 63, P.C., was that the said James Ervin Corley was, on the 22nd day of May, 1945, convicted of felony theft in the criminal district court of Dallas County, Texas, in Cause No. 72-AB, and final judgment was duly entered in said criminal district court of Dallas County, Texas, and sentence pronounced on May 22, 1945, in said criminal district court of Dallas County, Texas.

The evidence introduced in support of the above allegations of the indictment shows that the judgment was rendered and entered and sentence pronounced in said Cause No. 72-AB in Criminal District Court No. 2 of Dallas County, Texas, on the date alleged, and not in the criminal district court of Dallas County as alleged.

The two district courts above named are separate and distinct courts. Arts. 52-1 and 52-8, C.C.P., as amended, Acts 1951, 52nd Leg., p. 663.

Consequently, there was a variance between the allegations in the indictment and the proof. The variance between the alle-

gations as to the district court in which the appellant was previously convicted and the proof is fatal to a conviction. See Morman v. State, 127 Tex. Cr. R. 264, 75 S.W. 2d 886; Childress v. State, 131 Tex. Cr. R. 487, 100 S.W. 2d 102; Childress v. State, 134 Tex. Cr. R. 504, 116 S.W. 2d 396; Goodale v. State, 146 Tex. Cr. R. 568, 177 S.W. 2d 811.

It follows that the allegation as to a conviction in the criminal district court of Dallas County is not supported by the evidence.

Appellant's motion for rehearing is granted, the original opinion is withdrawn, the order of affirmance is set aside, and the judgment is now reversed and the cause remanded.

Opinion approved by the court.