Frank BRAY aka Frank Bray,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 50768.

Court of Criminal Appeals of Texas.

Jan. 21, 1976.

Joseph J. Skrivanek, III, Caldwell, for appellant.

W. T. McDonald, Jr., Dist. Atty., J. Bradley Smith, Asst. Dist. Atty., Bryan, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for the offense of burglary of a habitation with intent to commit rape. The jury found the paragraphs in the indictment charging appellant with having been previously convicted of two felony offenses [1] to be true and punishment was assessed at life.

The indictment alleged the primary offense occurred on or about August 2, 1974, and the record reflects that trial was in January, 1975.

---

1. See V.T.C.A. Penal Code, Section 12.42(d).

Appellant contends the court "erred in overruling appellant's objections to introduction of evidence pertaining to an alleged prior conviction from Brazos County, Texas, where there was no evidence that appellant was represented by counsel at the hearing for revocation of probation and sentencing."

The indictment alleged in pertinent part that "prior to the commission of each of the aforesaid offenses by the said Frank Bray, Jr. to wit: on the 15th day of February, A.D.1949, in the 85th District Court of Brazos County, Texas, in Cause Number 8785 on the docket of said Court, the said Frank Bray, Jr. . . . was duly and legally convicted in said last named Court for a felony, to wit: burglary . . . ."

The court admitted into evidence over appellant's objection penitentiary papers containing a judgment reflecting that appellant was convicted of the offense of burglary on April 24, 1948 in Brazos County in Cause No. 8785 and was assessed a five year probated sentence, an order revoking such probation bearing the date of February 15, 1949, and a sentence in said cause dated February 16, 1949.

Appellant testified that he was not represented by counsel at the time his probation was revoked and that he was unable to hire counsel.

The order revoking probation on February 15, 1949 does not reflect that appellant was represented by counsel, such order reciting " . . . the said Defendant is now charged with burglary in this Court, and has signed a written confession admitting his guilt, which confession has been this day presented to me in open Court, and for this reason it clearly appears that the Defendant has violated the conditions of the parole given him." The docket sheet was introduced into evidence and it reflects that counsel was appointed to represent appellant on April 20, 1948, four days prior to the trial of the primary offense, but the docket sheet is silent as to appellant's representation by counsel at the revocation hearing.

The sentence is also silent as to appellant's representation by counsel.

Appellant has the burden to show that he was without counsel and that he was indigent and did not voluntarily waive his right to counsel. *Boss v. State,* Tex.Cr. App., 489 S.W.2d 580; *Taylor v. State,* Tex. Cr.App., 470 S.W.2d 663.

In the instant case, no effort was made to controvert the appellant's testimony that he was indigent. *Ex parte Williams,* Tex.Cr.App., 486 S.W.2d 566; *Kitchens v. Smith,* 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519. Appellant's testimony that he was not represented by counsel at the probation revocation hearing is corroborated by the order revoking probation, the sentence and the docket sheet. See *Williams v. State,* supra. No evidence was offered to refute appellant's claim of lack of counsel. Waiver of counsel cannot be presumed from a silent record. *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319.

The undisputed evidence supports appellant's contention that he was indigent, had not been represented by counsel at the revocation hearing and sentencing and had not waived counsel. Thus, the Brazos County conviction was invalid and could not be used for enhancement of punishment. *Ex parte Shivers,* Tex.Cr.App., 501 S.W.2d 898; *Ex parte Allen,* Tex.Cr.App., 452 S.W.2d 472; *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); *McConnell v. Rhay,* 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968); *Stiltner v. Rhay,* 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968).

In a ground of error challenging the other prior conviction used for enhancement, appellant contends that the court erred in overruling his objection to "introduction of evidence pertaining to an alleged prior conviction from Falls County, Texas, when the indictment in the instant case contained a fatal variance."

The indictment alleges that appellant was previously convicted of a felony in Falls

County on June 25, 1956, in Cause No. 3524. The docket sheet, indictment, judgment, and sentence support this allegation, as does appellant's testimony. The only discrepancy appears in the number of the district court in which this conviction occurred. Under our holdings in *Morman v. State,* 127 Tex.Cr.R. 264, 75 S.W.2d 886 and *Corley v. State,* 158 Tex.Cr.R. 207, 254 S.W.2d 394, it would appear this variance is fatal. However, both of these cases involved prior convictions alleged to have occurred in counties with multiple district courts.[2] Under the statutes of this State there is only one district court in Falls County. See Article 199(82), V.A.C.S.

In *Morman,* supra, at page 887, we said: "The accused is entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation for a trial of the question whether he is the convict named therein."

At the punishment phase of the trial, appellant's counsel introduced a certified copy of the docket sheet of Falls County in Cause No. 3524 and of the waiver of trial by jury in that cause. At that time appellant's counsel presented objections to Count 2 of the indictment, asking that the Falls County prior conviction be held void and not be considered for punishment. Attached to this motion were copies of the docket sheet, indictment, judgment, sentence, order appointing an attorney, and waiver of jury trial in Cause No. 3524 in the 82nd District Court. Thus it is apparent the error in the district court number did not prevent appellant from finding the record of the prior conviction and presenting a defense thereto.

In *Thomas v. State,* Tex.Cr.App., 496 S.W.2d 578 and *Baity v. State,* Tex.Cr.App., 455 S.W.2d 305, we held that clerical error in the sentence did not render the proof of the conviction relied on for enhancement at variance with the allegation in the indictment when the judgment and all other proof supported the allegation in the indictment. In the case at bar, the proof established the nature of the offense, the date of conviction, the cause number and the county as alleged in Count 2 of the indictment. The clerical error in the number of the district court does not render the proof of this prior conviction at variance with the allegations in the indictment.

While the admission of the Falls County conviction does not constitute a basis for reversal, it would be better pleading, in the event of retrial, to reindict in order that the indictment may reflect the correct number of the court in which the prior conviction occurred.

■ The State suggests that in the event this Court finds one of the prior convictions to be void, the sentence should be reformed so that "the appellant would be ordered to confinement of not less than 15 years . . . ." This position is untenable. Under the provisions of V.T.C.A. Penal Code, Sec. 12.42(d), a life sentence was assessed by the court because the jury found appellant had previously been convicted of two felony offenses. With one valid prior conviction, punishment could have been assessed under V.T.C.A. Penal Code, Sec. 12.42(c), which provides for a range of punishment of life or a term of years not more than 99 or less than 15. We cannot presume what punishment the jury would have assessed under Sec. 12.42(c), supra.

For the error discussed, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

---

2. The prior conviction in *Corley* occurred in Dallas County and in *Morman* the prior conviction was in Harris County. See Article 199(14) and (11), V.A.C.S.