**Robert Lee ROOKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56284.**

Court of Criminal Appeals of Texas,
Panel No. 2.

Oct. 25, 1978.

Rehearing En Banc Denied Nov. 22, 1978.

Donald W. Rogers, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Bert Graham, Asst. Dist. Attys., Houston, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for delivery of heroin; after finding the allegation that appellant had previously been finally convicted of a felony, the jury assessed punishment at forty five years.

Appellant first contends fundamental error is presented by prosecutorial jury argument commenting on his failure to testify. This was the argument and trial objection:

"We have evidence all the way from the police officer to the chemist. The chemist says it is heroin. I don't know any other way to prove it except by chemical analysis which we have done. The only other way to prove it is to go to the head of the Defendant, himself, who told the police officer, 'Yes, that is heroin.' And the police officer said it was heroin.

"[Defense counsel]: I object, Your Honor, to the testimony that he told the police officer it was heroin. That is something for the Jury to determine if this Defendant was the one out there or not."

There was testimony from the undercover officer that when he purchased the heroin appellant told him it was heroin. The argument was a deduction from the evidence, the objection at trial was not on the ground urged on appeal, and fundamental error is not shown. The ground of error is overruled. Cf. *Cox v. State,* 523 S.W.2d 695, 699 (Tex.Cr.App.); *Wood v. State,* 511 S.W.2d 37, 46–47 (Tex.Cr.App.)

In his other two grounds of error appellant raises issues concerning the enhancement allegation and proof. The enhancement paragraph of the indictment alleged:

"And the Grand Jury aforesaid do further present that prior to the commission of the aforesaid offense by the said ROBERT LEE ROOKS, to-wit: on the day of November 5, 1971, in the Criminal District Court of Harris County, Texas, in cause number 156054 on the docket of said court, the said ROBERT LEE ROOKS under the name of ROBERT LEE ROOKS, was duly and legally convicted in said last named court of a felony, to-wit: Burglary with Intent to Commit Theft, upon an indictment then legally pending in said last named court and of which said court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense committed by him, the said ROBERT LEE ROOKS, prior to the commission of the offense hereinbefore charged against him as set forth in the first paragraph hereof."

Appellant argues the allegation is fundamentally defective because there was no Criminal District Court in Harris County in 1971, and he further argues the proof is at fatal variance with the indictment because it shows the prior conviction in cause number 156,054 was had in the 184th District Court of Harris County.

In *Corley v. State,* 158 Tex.Cr.R. 207, 254 S.W.2d 394, cited by appellant, the Court wrote:

"The evidence introduced in support of the above allegations of the indictment shows that the judgment was rendered and entered and sentence pronounced in said Cause No. 72–AB in Criminal District Court No. 2 of Dallas County, Texas, on the date alleged, and not in the Criminal District Court of Dallas County as alleged.

"The two district courts above named are separate and distinct courts. Arts. 52–1 and 52–8, C.C.P., as amended, Acts 1951, 52nd Leg., p. 663, Vernon's Ann.C.C.P. arts. 52–1, 52–8.

"Consequently, there was a variance between the allegations in the indictment and the proof. The variance between the allegations as to the district court in which the appellant was previously convicted and the proof is fatal to a conviction. [citations omitted]." See also, *Morman v. State,* 127 Tex.Cr.R. 264, 75 S.W.2d 886.

This case appears to be on point and to support appellant's position.

In *Arce v. State,* 552 S.W.2d 153 (Tex.Cr. App.), however, the Court upheld an enhancement paragraph [1] that alleged:

"Before the commission of the primary offense, on January 14, 1975, in Cause No. 79149, in Harris County, Texas, the Defendant was convicted of the felony of unlawful possession of a narcotic drug, to-wit, Heroin."

And in *Bray v. State,* 531 S.W.2d 633 (Tex. Cr.App.), the Court upheld proof of a prior conviction for enhancement where the proof showed a different court than that alleged in the indictment, but the county and cause number of the conviction were correct.

The *Bray* Court distinguished *Corley* and *Morman,* by stating that in those cases the counties were multi-district, whereas Falls County, in *Bray,* had only one district court. As urged by the State, however, *Bray* could not turn on such a technical distinction. In

---

1. A second enhancement paragraph was similarly alleged in that case.

*Arce,* supra, the State urged that an allegation of a prior felony designating the cause number and county was sufficient notice to enable the accused to obtain the name and designation of the convicting court. Noting there was no motion to quash, the Court sustained that contention and affirmed the conviction. Of course, the urging of a motion to quash would make no difference if the county and cause number alone are sufficient notice to enable the accused to locate the prior felony conviction alleged. Such reasoning is the underlying basis for *Arce,* supra, as well as *Bray,* and we are compelled to conclude that if *Bray* did not overrule *Corley* and *Morman,* which it purported to distinguish, it at least sounded the death knell forewarning their final interment by *Arce.*

Although *Arce* was an indictment case and *Bray* was a variance case, read in tandem they show *Corley* is no longer viable. If alleging the *wrong* court but the right county and cause number produces no variance in a single district county, as *Bray* held, and if alleging *no* court but only cause number and county is sufficient in a multi-district county, as *Arce* held, then surely allegation of a wrong court in a multi-district county can neither be fatal nor produce a fatal variance. To hold otherwise would produce pointless and unjustifiable distinctions in the law to befuddle the attentive and trap the unwary. Indeed, the trend in the law regarding allegations of prior convictions has generally been toward a relaxation of the rigid rules of the past. See also, *Hernandez v. State,* 530 S.W.2d 563 (Tex.Cr.App.); *Prodon v. State,* 555 S.W.2d 451 (Tex.Cr.App.); *Teamer v. State,* 557 S.W.2d 110 (Tex.Cr.App.); *Howell v. State,* 563 S.W.2d 933 (Tex.Cr.App.); *Hollins v. State,* 571 S.W.2d 873 (Tex.Cr.App.). We expressly overrule *Corley v. State,* supra,[2] and *Morman v. State, supra.*

■ The allegations were sufficient and the proof did not constitute a fatal variance. The grounds of error are overruled.

The judgment is affirmed.

2. In *Plessinger v. State,* 536 S.W.2d 380 (Tex. Cr.App.), a variance in the style of the prior conviction was held not fatal, and to that extent *Corley* was overruled. We today expressly overrule the holding of *Corley.*