NO. 07-02-0105-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 8, 2002



______________________________




IN RE ERASMO GONZALES, RELATOR



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 By this original proceeding, relator Erasmo Gonzales, an inmate proceeding pro se
and in forma pauperis, seeks a writ of mandamus to compel the Judge of the 69th District
Court to set a hearing and rule on his "motion for leave to file for a writ of mandamus"
against the District Clerk of Dallam County. For the reasons expressed herein, the petition
for writ of mandamus must be denied.

 Initially, we note that a pro se litigant is held to the same standards as licensed
attorneys and must comply with applicable laws and rules of procedure. Holt v. F. F.
Enterprises, 990 S.W.2d 756, 759 (Tex.App.-Amarillo 1998, no pet.). An original
proceeding filed in this Court must comply with the requirements of Rule 52 of the Texas
Rules of Appellate Procedure. Relator's petition is lacking in most of the mandatory
requirements. Most importantly, it does not contain an appendix with a certified or sworn
copy of the document showing the matter complained of, i.e., his motion for leave to file
a writ of mandamus against the District Clerk of Dallam County.

 When a motion is properly filed and pending before a trial court, the act of
considering and ruling on that motion is a ministerial act. Eli Lilly and Co. v. Marshall, 829
S.W.2d 157 (Tex. 1992). However, the record before us consists only of relator's deficient
"motion for leave to file for writ of mandamus." Relator has not established that after he
filed his motion he requested a hearing and was refused one, nor that he took any action
to alert the trial court that his motion had not yet been considered. See Barnes v. State,
832 S.W.2d 424, 426 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding). Even a pro
se applicant for a writ of mandamus must show himself entitled to the extraordinary relief
he seeks. Id.

 Accordingly, relator's petition for writ of mandamus is denied.


 Don H. Reavis

 Justice


Do not publish.



ormed of his rights, he entered an open plea of guilty, subjecting
him to the full range of punishment available to the court. At the punishment phase, the
State sought enhancement by introducing two prior convictions for felony possession. 
Appellant pleaded true to both convictions, and the court sentenced him to forty years
confinement. Following the pronouncement, appellant waived his right to move for a new
trial and his right to appeal. On June 15, 2004, he filed a pro se notice of appeal. 
Presented with trial counsel's motion to withdraw, this Court abated and remanded the case
to the trial court to determine whether the withdrawal should be granted and whether
appellant wished to proceed with the appeal. At the subsequent hearing, appellant was
found to be indigent and was appointed new counsel for appeal.

 By his Anders brief, counsel does not advance any arguable grounds for appeal. 
However, appellant contends in his pro se brief that the State's notice of intent to seek
enhancement based on his prior convictions was untimely. We disagree. Prior convictions
alleged as enhancements must be pleaded so as to provide the accused with notice that
the State seeks to use these convictions for enhancement of punishment. See Brooks v.
State, 957 S.W.2d 30, 31-34 (Tex.Cr.App. 1997). Although as is oftentimes preferred, such
pleading need not be pled in the indictment. Id. at 34. Proper notice consists of "'a
description of the judgment of former conviction that will enable him to find the record and
make preparation for a trial of the question whether he is the convict named therein.'"
Hollins v. State, 571 S.W.2d 873, 875 (Tex.Cr.App. 1978) (quoting Morman v. State, 127
Tex. Crim. 264, 75 S.W.2d 886 (1934)). Notice is presumptively reasonable if given at least
ten days before trial. E.g., Sears v. State, 91 S.W.3d 451, 455 (Tex.App.-Beaumont 2002,
no pet.). Here, the State's notice of intent to use appellant's prior felony possessions to
obtain an enhanced sentence was filed and served on the parties on April 26, 2004. 
Appellant pleaded true to both convictions without objection at the punishment phase of trial
on May 21, 2004. Therefore, we find that appellant had sufficient notice of the State's
intent to use these previous convictions against him.

 Appellant also claims he received ineffective assistance of counsel because trial
counsel failed to inform him of his right to object to particular aspects of his case and did
not inform him of the State's intent to use prior convictions against him. He also claims he
was misled because counsel told him that she had prepared pretrial motions when, in fact,
none were filed and because she promised him that he would only receive a ten year
sentence. 

 A claim of ineffective assistance of counsel is reviewed under the standard in
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under
Strickland, a defendant must establish that (1) counsel's performance was deficient (i.e.,
fell below an objective standard of reasonableness), and (2) there is a reasonable
probability that but for counsel's deficient performance, the result of the proceeding would
have been different, a reasonable probability being a probability sufficient to undermine
confidence in the outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003). 
Any allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808,
813 (Tex.Cr.App. 1999). Where, as here, the record on direct appeal is not sufficient to
show that counsel's representation was so deficient as to meet the first prong of Strickland,
appellant has failed to meet his burden to show that counsel's performance prejudiced his
defense. See Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). 

 We have made an independent examination of the entire record to determine
whether there are any arguable grounds which might support this appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).