Opinion Issued March 17, 2005







                                              


In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00203-CR




JOSEPH MOLTON CHAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
 Harris County, Texas
                                         Trial Court Cause No. 962430




O P I N I O N
           A jury convicted appellant, Joseph Molton Chavis, of felony assault upon an
elderly person. See Tex. Pen. Code Ann. § 22.04(a) (Vernon 2003). The jury found
true enhancement paragraphs alleging two prior convictions for aggravated assault
and assessed punishment at confinement in prison for 33 years. We determine
whether the trial court erred in the punishment phase of trial by granting the State’s
mid-trial motion to abandon the convicting court numbers in the enhancement
paragraphs of the indictment. We affirm.
Facts
          On the morning of September 20, 2003, Linda Nguyen, the 69-year-old
complainant in this case, was working at a Diamond Shamrock store when appellant
entered. Appellant was a frequent store customer, and Nguyen knew him to cause
problems in the store often. 
          At some point in the morning, Nguyen confronted appellant after she noticed
that he had left a mess on the hotdog counter. She told him, “Next time you come do
not make a mess in the store. Do not speak loud anymore.” Appellant responded by
yelling, “F-ck you,” to Nguyen. Nguyen returned the same remark to appellant. 
Appellant responded again by cursing and spitting on Nguyen and then punched her
in the face with a closed fist, causing her to fall and to hit the floor. Nguyen’s face
became very swollen, and she experienced a great deal of pain from her injury. 
Nguyen was taken to the hospital by ambulance to be examined and treated for her
injuries. 
          At trial, appellant denied having had problems with Nguyen and considered
their relationship to be that of friends. Appellant admitted that he had spat on
Nguyen, but stated that he did so only after she first spat on him. Appellant explained
that he had hit Nguyen only because she was going to spit on him again and that he
had never intended to hurt her. 
Abandoning Portions of Enhancement Paragraphs
          In his sole point of error, appellant contends that the trial court erred in
granting the State’s motion to abandon the convicting court numbers in the
enhancement paragraphs of the indictment. Appellant contends that, because those
omitted portions were material, a fatal variance was created between the indictment
and the trial court’s charge. Appellant further asserts that the trial court’s granting
the abandonment lessened the State’s burden of proof. 
          The second enhancement paragraph of the indictment originally alleged in
pertinent part:
JOSEPH MOLTON CHAVIS, hereafter styled the Defendant . . . before
the commission of the primary offense, and after the conviction in Cause
No. 680299 was final, . . . committed the felony of aggravated assault
and was finally convicted of that offense on August 20, 1999, in Cause
No. 804308, in the 208th District Court of Harris County, Texas. 

[emphasis added]. Prior to trial, on January 6, 2004, the State filed a motion to amend
the indictment, requesting that the second enhancement paragraph, alleging a prior
conviction in the 208th District Court, be changed to reflect that the prior conviction
had occurred in the 180th District Court. The State filed a nearly identical motion on
February 6, 2004. Appellant received notice of the motion, and the order was granted
by the trial court on February 6, 2004. The trial court crossed out “208th,” replaced
it with “180th,” and initialed and dated the physical changes on the indictment. 
          On February 24, 2004, appellant was arraigned outside the presence of the jury. 
The State read the amended enhancement paragraphs for the punishment phase.
Appellant pleaded true to the first enhancement paragraph, alleging aggravated
assault, but pleaded not true to the second enhancement paragraph, also alleging
aggravated assault. Appellant objected to the second enhancement paragraph, stating
that the convicting court number in the indictment and the conviction record did not
coincide. At the commencement of the punishment phase on February 25, 2004, the
State moved to abandon the court numbers on both enhancement paragraphs, arguing
that they were surplusage. Defense counsel objected, arguing that the State needed
to prove the enhancement allegations as set forth in the original indictment. Despite
the objection, the trial court granted the State’s motion to omit the convicting court
numbers from the enhancement paragraphs. A.The Law
          Article 28.10 of the Code of Criminal Procedure provides that, “after notice to
the defendant, a matter of form or substance in an indictment or information may be
amended at any time before the date the trial on the merits commences.” Tex. Code
Crim. Proc. Ann. art. 28.10(a) (Vernon 2003). However, “[a]n indictment or
information may not be amended over the defendant’s objection as to form or
substance if the amended indictment or information charges the defendant with an
additional or different offense or if the substantial rights of the defendant are
prejudiced.” Tex Code Crim. Proc. Ann. art. 28.10(c) (Vernon 2003). A “different
offense” means a different statutory offense. Flowers v. State, 815 S.W.2d 724, 728
(Tex. Crim. App. 1991).

          An amendment to an indictment is a change that affects the substance of the
indictment, while an abandonment, even if effected by a physical change in the
indictment, does not affect its substance. Eastep v. State, 941 S.W.2d 130, 132-33
(Tex. Crim. App. 1997), overruled on other grounds, Riney v. State, 28 S.W.3d 561
(Tex. Crim. App. 2000). An alteration to the charging instrument that constitutes
abandonment, rather than amendment of the instrument, does not invoke the
requirements of article 28.10(c). See id. at 133.
          An abandonment is appropriate in the following situations: (1) changing the
ways or means of committing the offense; (2) reducing the charge to a lesser-included
offense; and (3) eliminating surplusage. Mayfield v. State, 117 S.W.3d 475, 476
(Tex. App.—Texarkana 2003, pet. denied). Surplusage is unnecessary language not
legally essential to constitute the offense alleged in the charging instrument. Eastep,
941 S.W.2d at 134; see also Collins v. State, 500 S.W.2d 168, 169 (Tex. Crim. App.
1973). The court in Whetstone v. State held:
The general rule is that allegations which are not essential to constitute
the offense, and which might be entirely omitted without affecting the
charge against the defendant, and without detriment to the indictment,
are treated as surplusage. 

Id., 786 S.W.2d 361, 364 (Tex. Crim. App. 1990), overruled on other grounds,
Gollihar v. State, 46 S.W.3d 243 (Tex. Crim. App. 2001).B.      Abandonment Was Proper
          In the present case, because the convicting court number was not necessary to
describe the offense charged in the enhancement paragraph and the remaining
allegations were sufficient to identify the charged offense, the trial court’s change 
constituted a proper abandonment. See Mayfield, 117 S.W.3d at 476.
C.      No Fatal Variance Occurred
          A variance occurs when there is a discrepancy between the allegations in the
charging instrument and the proof at trial. Gollihar v. State, 46 S.W.3d 243, 246 (Tex.
Crim. App. 2001). In a variance situation, the State has proven the defendant guilty
of a crime, but has proven its commission in a manner that varies from the allegations
in the charging instrument. Id. Surplusage may be responsible for a variance between
the pleading and the proof. Whetstone, 786 S.W.2d at 364. 
          However, “only a material variance is fatal [and a] variance between the
charging instrument and the proof at trial is material only if it operated to the
defendant’s surprise or prejudiced his rights.” Gollihar, 46 S.W.3d at 248. The rule
of surplusage is generally consistent with variance law’s materiality requirement
because an allegation that is not essential to constitute the offense and the omission
of which will not affect the charge against the defendant or will not be detrimental to
the indictment will likely also not be “material” within the meaning of the fatal-variance doctrine. Id. at 249. Therefore, it may be disregarded as surplusage and an
immaterial variance. Id. 
          In this case, a variance was created between the indictment and the jury charge
because the convicting court numbers were abandoned in the enhancement paragraphs
of the charge. However, that variance was not material. Both the enhancement
paragraph and the indictment stated the same cause number, the same offense, and the
same dates of judgment. The only variance was in the convicting court numbers. 
Abandoning the court numbers in the enhancement paragraphs would not have
prevented appellant from locating the record of the prior convictions upon which the
State relied, nor was the inclusion of the court numbers essential to constitute the
offenses. Furthermore, appellant’s trial counsel explicitly stated that the court
numbers were the reason that appellant had entered a plea of not true to the second
enhancement paragraph, thereby demonstrating appellant’s awareness of the details
of his prior conviction. Under these circumstances, we fail to see how the variance
could be material or fatal. See Freda v. State, 704 S.W.2d 41, 43 (Tex. Crim App.
1986) (holding that variance not fatal when indictment alleged prior conviction for
bank robbery, but proof showed defendant had been convicted of conspiracy to
commit bank robbery); Rooks v. State, 576 S.W.2d 615, 616 (Tex. Crim. App. 1978)
(holding that variance between charging instrument alleging prior conviction in the
“Criminal District Court of Harris County” and proof showing conviction in the
“184th District Court of Harris County” was not material); Bray v. State, 531 S.W.2d
633, 635 (Tex. Crim. App. 1976) (holding that variance in number of district court,
when county and cause number of the conviction were correct, was not material);
Barrett v. State, 900 S.W.2d 748, 752 (Tex. App.—Tyler 1995, pet. ref’d) (holding
that variance not fatal when enhancement paragraph alleged burglary of building and
proof showed prior conviction for attempted burglary of building). 
D.      State’s Burden of Proof Was Not Improperly Lessened
          It is well-settled that it is unnecessary to allege prior convictions for
enhancement of punishment with the same particularity that is required in charging the
primary offense. Freda, 704 S.W.2d at 42. The purpose of an enhancement allegation
is to provide the accused with notice of the prior conviction upon which the State
relies. Bevins v. State, 422 S.W.2d 180, 181 (Tex. Crim. App. 1967). The court, in
Morman v. State, 75 S.W.2d 886 (Tex. Crim. App. 1934) (per curiam), overruled on
other grounds, Rooks v. State, 576 S.W.2d 615 (Tex. Crim. App. 1978), stated that an
“accused is entitled to a description of the judgment of former conviction that will
enable him to find the record and make preparation for trial of the question whether
he is the convict named therein.” Id. at 887.
          Courts have held that, in alleging prior convictions for enhancement of
punishment, the allegations should include the court in which the conviction was
obtained, the time of the conviction, and the nature of the offense. Hollins v. State,
571 S.W.2d 873, 876 (Tex. Crim. App. 1978). However, enhancement-of-punishment
allegations are sufficient when the prior convictions were described as felonies, the
exact nature of the offenses was given, the cause numbers of the convictions were
obtained, and the dates of such convictions were set. Id. (holding that, although courts
were not named, allegations that all convictions occurred in Harris County and that
each felony offense was committed after a final conviction in the preceding case was
sufficient); Arce v. State, 552 S.W.2d 163, 164 (Tex. Crim. App. 1977) (holding that
enhancement paragraph was sufficient notice to enable accused to locate prior felony
convictions alleged, when State gave cause number and county).
 

          The jury charge in this instance did not require the jury to find the name or
designation of the convicting court even though the convicting court had been alleged
in the indictment. Nevertheless, the jury charge did require the jury to find that both
prior convictions were felony offenses, namely, aggravated assault, the identity of the 
cause numbers in Harris County in which the convictions were obtained, the date of
such convictions, and that each felony offense was committed after a final conviction
in preceding case. The State’s proof of the allegations was sufficient because it
proved all factors required by the jury charge, which was more than the requirements
found sufficient in Arce and Bray, namely, the cause number and county of conviction.
See Bray, 531 S.W.2d at 635. While appellant can argue that the State’s proof was
lessened, it was not improperly lessened by the abandonment of a matter that was
immaterial and, thus, surplusage. 
          Accordingly, we overrule appellant’s sole point of error. 
 

Conclusion
          We affirm the judgment of the trial court.
          
 
 
 
                                                                                  Tim Taft
                                                                                  Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Publish. Tex. R. App. P. 47.2(b).