NO. 07-04-0386-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 18, 2005

_____

DEMARCUS LEWIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 241ST DISTRICT COURT OF SMITH COUNTY;

NO. 241-0230-04; HONORABLE JACK SKEEN, JR., JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

After waiving his right to jury trial, appellant Demarcus Lewis pleaded guilty to possession of a controlled substance, and punishment was assessed at forty years

confinement.  In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment.  Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* response if he desired to do so.  Appellant subsequently filed a *pro se* response.  The State did not favor us with a brief.

In November 2003, appellant was arrested and charged with possession of cocaine. After being indicted and informed of his rights, he entered an open plea of guilty, subjecting him to the full range of punishment available to the court.  At the punishment phase, the State sought enhancement by introducing two prior convictions for felony possession. Appellant pleaded true to both convictions, and the court sentenced him to forty years confinement.  Following the pronouncement, appellant waived his right to move for a new

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

trial and his right to appeal. On June 15, 2004, he filed a *pro se* notice of appeal. Presented with trial counsel's motion to withdraw, this Court abated and remanded the case to the trial court to determine whether the withdrawal should be granted and whether appellant wished to proceed with the appeal. At the subsequent hearing, appellant was found to be indigent and was appointed new counsel for appeal.

By his *Anders* brief, counsel does not advance any arguable grounds for appeal. However, appellant contends in his *pro se* brief that the State's notice of intent to seek enhancement based on his prior convictions was untimely. We disagree. Prior convictions alleged as enhancements must be pleaded so as to provide the accused with notice that the State seeks to use these convictions for enhancement of punishment. *See* Brooks v. State, 957 S.W.2d 30, 31-34 (Tex.Cr.App. 1997). Although as is oftentimes preferred, such pleading need not be pled in the indictment. *Id.* at 34. Proper notice consists of "'a description of the judgment of former conviction that will enable him to find the record and make preparation for a trial of the question whether he is the convict named therein.'" Hollins v. State, 571 S.W.2d 873, 875 (Tex.Cr.App. 1978) (quoting *Morman v. State*, 127 Tex. Crim. 264, 75 S.W.2d 886 (1934)). Notice is presumptively reasonable if given at least ten days before trial. *E.g.,* Sears v. State, 91 S.W.3d 451, 455 (Tex.App.–Beaumont 2002, no pet.). Here, the State's notice of intent to use appellant's prior felony possessions to obtain an enhanced sentence was filed and served on the parties on April 26, 2004. Appellant pleaded true to both convictions without objection at the punishment phase of trial

3

on May 21, 2004. Therefore, we find that appellant had sufficient notice of the State's intent to use these previous convictions against him.

Appellant also claims he received ineffective assistance of counsel because trial counsel failed to inform him of his right to object to particular aspects of his case and did not inform him of the State's intent to use prior convictions against him. He also claims he was misled because counsel told him that she had prepared pretrial motions when, in fact, none were filed and because she promised him that he would only receive a ten year sentence.

A claim of ineffective assistance of counsel is reviewed under the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a defendant must establish that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999). Where, as here, the record on direct appeal is not sufficient to show that counsel's representation was so deficient as to meet the first prong of *Strickland*,

4

appellant has failed to meet his burden to show that counsel's performance prejudiced his defense. *See* Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002).

We have made an independent examination of the entire record to determine whether there are any arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.