Affirmed and Memorandum Opinion filed January 12, 2006













Affirmed
and Memorandum Opinion filed January 12, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01002-CR

____________

 

WILLY
EDWARD NEAL, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

______________________________________________________________

 

On Appeal from the 209th District Court

Harris County,
Texas

Trial Court Cause No. 975,174

______________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant Willy Edward Neal was
charged with possession of cocaine. 
After the trial court found him guilty, the court sentenced him to
twenty-five years confinement in the Texas Department of Criminal JusticeBInstitutional
Division.  In his sole issue, appellant
argues the trial court improperly enhanced his sentence by considering prior
convictions that were not alleged in the indictment.  Because appellant was given sufficient notice
of the State=s intent to prove enhancements to
his sentence, we affirm.








I.  Factual and Procedural Background

On January 23, 2004, Appellant
was arrested and charged with possession of more than one and less than four
grams of cocaine.  The grand jury
returned an indictment on April 26, 2004 that included two enhancement
paragraphs for prior felony convictions. 
The enhancement paragraphs read as follows:

Before the commission of
the offense alleged above, (hereinafter styled the primary offense), on March
25, 1997 in Cause No. 737915, in the 248th District Court of Harris County,
Texas, the Defendant was convicted of the felony of possession within intent to
deliver a controlled substance.

Before the commission of
the primary offense, and after the conviction in Cause No. 737915 was final, the
Defendant committed the felony of delivery of a controlled substance and was
finally convicted of that offense on January 18, 2000, in Cause No. 549953, in
the 248th District Court of Harris
 County, Texas.

 

Although appellant had been
convicted of the two offenses, the indictment misidentified the dates of the
convictions.[1]  Accordingly, on July 14, 2004, the State
filed a motion to amend the indictment to make the correction.[2]  The trial court granted the motion, but a new
indictment reflecting the changes was never issued.

The case
was set for trial on October 5, 2004. 
Appellant elected a trial to the bench and at its conclusion, the trial
court found him guilty as charged. 
Before appellant was arraigned in the punishment phase of the trial,
appellant=s counsel objected to the
inclusion of the modified enhancement paragraphs that were never incorporated
into a new indictment.  The trial court
overruled the objection.  After finding
both enhancements Atrue,@ the
trial court sentenced appellant to twenty-five years in prison.








II.  Discussion

In his
sole issue, appellant argues that the trial court=s grant
of the State=s motion to amend the indictment
did not constitute an actual amendment of the indictment and accordingly, asks
us to remand and instruct the trial court to render a new sentence.[3]  Because it is not necessary that enhancement
paragraphs be included in the indictment, and because appellant had adequate
notice of the State=s
intention to introduce evidence of prior felony convictions, we overrule
appellant=s sole issue.








Although
an accused has the right to be informed that the State seeks enhancement of the
punishment for the charged offense, the notice does not need to be pleaded in the
indictment because it is not an element of the primary offense.  Calton v. State, __ S.W.3d __, __
(Tex. Crim. App. 2005) (en banc) (citing Brooks v. State, 957 S.W.2d 30,
34 (Tex. Crim. App. 1997) (en banc)).  Texas law merely
requires that the State plead the enhancements Ain some
form.@  Brooks, 957 S.W.2d at 34.  A motion to amend the indictment is a valid
pleading for this purpose, and the trial court=s grant
of the motion constitutes requisite notice to the defendant. Id. at 34.  Such notice, however, must enable the
defendant Ato find the record and make
preparation for a trial of the question [of] whether he is the convict named
therein.@  Hollins v. State, 571 S.W.2d 873, 875
(Tex. Crim. App. 1978) (citing Morman v. State, 127 Tex. Crim. 264, 265, 75 S.W.2d 887, 887
(1934)); see also Sears v. State, 91 S.W.2d 451, 454B55 (Tex.
App.CBeaumont
2002, no pet.) (finding less than one full business day and two weekend days to
be inadequate notice); Hudson v. State, 145 S.W.3d 323, 325  (Tex. App.CFort Worth
2005, no pet. h.) (holding notice provided six days before the punishment phase
was untimely).

Here,
neither the form of the pleading nor the timeliness of the notice was
defective.  The Court of Criminal Appeals
established in Brooks that a motion to amend an indictment is a pleading
sufficient to provide notice.  Moreover,
here, the trial court granted the State=s motion
nearly three months prior to trial.[4]  And, at the punishment hearing, appellant=s counsel
readily conceded, Athe State
gave us notice of the language prior to trial.@  Accordingly, we hold the trial court did not
err and overrule appellant=s sole
issue.  

For the
foregoing reasons, we affirm the judgment of the trial court.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed
January 12, 2006.

Panel consists of Justice Fowler, Edelman, and
Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Appellant was
convicted of delivery of a controlled substance on January 18, 1990, in Cause
No. 549953.  He was convicted of
possession of a controlled substance with intent to deliver on March 25, 1997,
in Cause No. 737915.  (Both convictions
were in the 248th District Court of Harris County, as stated.)





[2]  The motion to
amend also rearranged the paragraphs so they appeared in sequential order.





[3]  Cocaine is a
controlled substance identified in Penalty Group 1 of the Texas Controlled
Substances Act.  Tex. Health & Safety Code Ann. ' 481.102(3)(D) (Vernon 2005).  Possession of more than one but fewer than
four grams of a substance in this category is a third degree felony.  Tex.
Health & Safety Code Ann. '
481.115(c) (Vernon 2005).  Absent any
prior felony convictions, a third degree felony is punishable by imprisonment
in the institutional division for a period ranging from two to ten years.  Tex.
Pen. Code Ann. ' 12.34 (Vernon 2005). 
A showing of two prior final felony convictions in which the second
conviction occurred after the first conviction became final, however, allows
for a life sentence, or for a prison term of twenty-five to ninety-nine
years.  Tex.
Pen. Code Ann. ' 12.42(d) (Vernon 2005). 





[4]  The motion to
amend the indictment correctly described the offense, dates, cause numbers, and
venue of appellant=s prior convictions.