

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00216-CR

HOUSTON SAMUEL HAMMONS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-24-46623

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

A Fannin County jury convicted Houston Samuel Hammons of family violence assault by impeding breath or circulation. Because Hammons had a prior conviction for family violence assault, the offense was a second-degree felony, for which the jury assessed a punishment of twenty years' imprisonment. *See* TEX. PENAL CODE ANN. § 22.01(b-3) (Supp.). On appeal, Hammons argues that (1) the evidence is legally insufficient to support the jury's finding because there was a material variance between the indictment and proof of his prior conviction of family violence assault, (2) the trial court erred by admitting an officer's testimony that injuries to the victim were consistent with strangulation, and (3) the trial court erred during punishment by overruling a hearsay objection to a North Carolina conviction.[1]

We find that there was no material variance in the State's indictment and that, as a result, the evidence is sufficient to prove the prior conviction for family violence assault. We also find that Hammons waived any error related to the officer's testimony and that the error, if any, in admitting the North Carolina judgment of conviction was cured. As a result, we affirm the trial court's judgment.

## I.     There Was No Material Variance in the State's Indictment

Family violence assault is typically a class A misdemeanor. TEX. PENAL CODE ANN. § 22.01(b) (Supp.). However, if the State alleges and proves that the defendant has previously been convicted for family violence assault, the level of offense for the main charge increases. *See* TEX. PENAL CODE ANN. § 22.01(b-3).

---

[1]In our cause number 06-24-00217-CR, Hammons also appeals from a conviction for criminal mischief.

The State's indictment in this case charged Hammons with (1) a main offense—family violence assault by impeding breath or circulation—and (2) a predicate offense of a prior family violence assault, which was required to raise the main offense to a second-degree felony. Hammons raises no complaint about the sufficiency of the evidence to support the jury's finding on the main offense since ample testimony, including the victim's, was legally sufficient to prove that he committed family violence assault by impeding breath or circulation. Instead, in his first point of error, Hammons argues that there was a material variance between the indictment's allegation of his conviction and the proof at trial. We disagree.

As for the predicate offense, the State alleged in the indictment that Hammons was previously

> convicted of an offense under Chapter 22 of the Texas Penal Code, against a member of the defendant's family, member of the defendant's household, or a person with whom the defendant has or has had a dating relationship, as described by Section 71.003, 71.005, or 71.0021(b) of the Texas Family Code, namely on December 6, 2019, in the 372nd District Court of Tarrant County, Texas, in cause number 1598863001.

At trial, the State introduced without objection the prior judgment of conviction from the 372nd Judicial District Court for family violence assault. However, while the State alleged in the indictment that the judgment was entered on December 6, 2019, the proof at trial showed that it was entered on December 16. Also, while it is alleged in the indictment that the cause number for the prior offense was 1598863001, the proof at trial showed that the cause number was 1598863D. Hammons argues that, because the date of the prior conviction was off by ten days, and because the last three numbers of the cause number listed in the indictment were different, the variance between the indictment and proof at trial was material.

3

It is well-settled that the State does not need to allege a predicate prior offense with the same particularity that is required in charging a main offense. *Human v. State*, 749 S.W.2d 832, 835–37 (Tex. Crim. App. 1988) (op. on reh'g); *see Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986); *Rooks v. State*, 576 S.W.2d 615, 617 (Tex. Crim. App. [Panel Op.] 1978) (acknowledging "the trend in the law regarding allegations of prior convictions has generally been toward a relaxation of the rigid rules of the past"). "The accused is entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation for a trial of the question of whether he is the named convict therein." *Villescas v. State*, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006) (quoting *Hollins v. State*, 571 S.W.2d 873, 875 (Tex. Crim. App. 1978)). Variances between an allegation of a prior conviction and the proof in regard to cause numbers, courts, and dates of conviction have all been held to be immaterial. *Arce v. State*, 552 S.W.2d 163, 164 (Tex. Crim. App. 1977); *Human*, 749 S.W.2d at 837; *Freda*, 704 S.W.2d at 42–43.

Moreover, a variance between the allegations and the proof will not render the evidence insufficient if the defendant was not surprised or prejudiced by the variance. *See Santana v. State*, 59 S.W.3d 187, 194 (Tex. Crim. App. 2001); *Rojas v. State*, 986 S.W.2d 241, 246 (Tex. Crim. App. 1998); *Human*, 749 S.W.2d at 836; *see also* TEX. R. APP. P. 44.2(b).

Hammons had no objection to the State's introduction of the indictment or certified judgment of conviction for the predicate offense. Further, the record does not show that Hammons was either surprised by the variance in the date or cause number of the predicate

4

offense nor misled to his prejudice in preparing his defense. As a result, we find the variance immaterial.

Moreover, Hammons does not argue that he was not the person convicted in the judgment of conviction for the predicate offense. The judgment bore Hammons's name and State identification number, and the indictment from the predicate offense also contained Hammons's birthday. Simply put, the evidence is sufficient to show that Hammons was the person that was previously convicted of family violence assault in the 372nd Judicial District Court, and Hammons does not dispute this.

Because there was no material variance between the indictment and trial with respect to the predicate offense, which was proved by the indictment and certified judgment admitted without objection, we overrule Hammons's first point of error on appeal.

## II. Hammons Does Not Argue that He Was Harmed by Admission of the Officer's Testimony

At trial, the victim testified that Hammons climbed on top of her, held her down, and choked her by placing his hands on her throat. The victim testified that she could not breathe and was scared for her life. When asked to describe the choking in more detail, she testified that it "felt like there was a lot of pressure in [her] throat, like [she] was losing air and oxygen."

Ken Franklin, an officer with the Trenton Police Department, was dispatched to the scene of the offense and found the victim "shaking" because she was "scared" and "distraught." Franklin testified, without objection, that the victim said Hammons "grabbed her around the neck with, like, what we call a C-clamp . . . [a]nd threw her on the bed and choked her until she almost passed out." Without objection, the State introduced a photo of the victim's neck that was taken

by Franklin. Franklin testified that he personally observed "swelling and redness under her neck below her jawline consistent with . . . the way she described being choked by [Hammons]."

After that testimony, the State called Jon McCann to testify as an expert to "explain the differences between choking, how blood can be impeded, how breath can be impeded," as well as "how individuals can do manual strangulation, ligature, and his experiences with it, and what some of the signs or symptoms of individuals who have been strangled go through." Hammons objected to McCann's testimony on the ground that he was not qualified to testify about those matters or to provide his opinion on any medical issue. The trial court overruled the objection and allowed McCann's testimony.

In his second point of error, Hammons argues that the trial court erred by "permitting a deputy sheriff with no medical training to testify as an expert in the human neck's anatomical structures, the physiological effects to those structures caused by strangulation, and that photographs of the victim's injuries were consistent with strangulation." Here, we do not address whether the trial court erred by admitting McCann's testimony because, even if we concluded that its admission were error, Hammons does not argue in his brief that he was harmed by its admission.

To assert an issue on appeal, an appellant's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities." TEX. R. APP. P. 38.1(i). An issue is inadequately briefed when an "appellant does not address the question of whether the alleged error . . . was harmless." *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000); *see Wilson v. State*, 473 S.W.3d 889, 901 (Tex. App.—Houston [1st Dist.] 2015,

6

pet. ref'd) (citing *Sierra v. State*, 157 S.W.3d 52, 64 (Tex. App.—Fort Worth 2004), *aff'd*, 218 S.W.3d 85 (Tex. Crim. App. 2007)). In such a circumstance, the appellant has "waived the issue" that he complains of on appeal. *Wilson*, 473 S.W.3d at 901 (citing *Cardenas*, 30 S.W.3d at 393).

Because Hammons failed to brief the issue of harm, especially in light of the testimony heard by the jury before McCann's testimony, we find that Hammons waived his second issue on appeal, and we overrule it.

**III.     Any Error in Admitting a North Carolina Conviction During Punishment Was Cured**

During punishment, the State introduced exhibit 43, which contained a warrant for Hammons's arrest for assault and a copy of a North Carolina judgment convicting Hammons of misdemeanor assault on a female. Hammons made no objection to the authentication of the document since it contained the clerk's certification, and the sponsoring witness testified that it was certified as a true and correct copy. Even so, Hammons argues that the document was not properly certified and that the trial court overruled his hearsay objection to the document.

To preserve error, a party must make "a timely request, objection, or motion" in the trial court, followed by either a ruling or a refusal to rule by the trial court. TEX. R. APP. P. 33.1(a). For this reason, to avoid forfeiture, a "point of error on appeal must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Because Hammons's authentication arguments in his brief do not comport with the sole hearsay objection made at trial, we overrule his complaint about lack of authentication.

7

As to the issue of hearsay, we note, once again, that Hammons has failed to brief the issue of harm.  In any case, "a party must object each time the inadmissible evidence is offered or obtain a running objection.  An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection."  *Davis v. State*, 614 S.W.3d 223, 229 (Tex. App.—Texarkana 2020, no pet.) (alteration in original) (quoting *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004)).  While Hammons objected to exhibit 43 on hearsay grounds, he failed to object to the sponsoring witness's testimony stating that the exhibit contained "a warrant for arrest out of the State of North Carolina" and "a judgment, also the State of North Carolina [for] . . . [a]ssault on [a] female" occurring on January 22, 2017.  Because evidence of the North Carolina judgment was admitted without objection, error, if any, was cured.  Accordingly, we overrule Hammons's third point of error.[2]

## IV.    Conclusion

We affirm the trial court's judgment.


Charles van Cleef
Justice


Date Submitted:      July 7, 2025
Date Decided:        July 17, 2025

Do Not Publish

---

[2]Hammons also argues that the "cumulating effect of the [other] errors denied Hammons a fair trial guaranteed by the due process clause of the Constitution's fourteenth amendment [sic]."  Because our findings on Hammons's other points of error are dispositive of his cumulative error complaint, we summarily overrule it.